State v. Hoffman.

STATE OF VERMONT v. JAMES W. HOFFMAN.

*Prosecution under* § 33, *ch.* 94, *of the* Gen. *Sts.* *Practice.*
*Evidence.*

A prosecution under § 33 of the liquor act, founded upon a warrant issued by reason of a disclosure made by a person found intoxicated, and arrested and brought before a justice, is not an original prosecution for selling intoxicating liquor, controlled by the general statute requiring prosecutions of a criminal nature commenced before a justice within the jurisdiction of a justice to try and determine, to be tried in the town where the offence was committed, or in the town where the respondent resides; but is an incident to the pending prosecution already instituted against the person intoxicated; and, as to place of trial, follows that proceeding.

The offences provable in such a prosecution, do not extend beyond what the person so found intoxicated is bound to disclose; that is, not beyond the sale or sales, furnishing, or giving away of the liquor so producing intoxication.

But if the county court rules that other offences may be proved, and no testimony is introduced tending to prove them, such ruling will not vitiate a verdict of guilty.

When matter drawn out on cross-examination is collateral to the issue, the cross-examining party cannot introduce testimony to contradict it.

THIS was a prosecution under § 33, ch. 94, of the Gen. Sts., for furnishing intoxicating liquor to one Frederick Willey, contrary to the provisions of said chapter. A warrant issued against the respondent, in the form prescribed by section 34 of said chapter. The case was continued before the justice, at the respondent's request, to enable him to procure counsel. On the day to which the cause was continued, the respondent appeared with counsel, and filed a motion to dismiss. In the county court, Ross, J., presiding, said motion was overruled, *pro forma;* to which the respondent excepted. The ground of the motion is sufficiently stated in the opinion. At the December term, 1872, Ross, J., presiding, the case was tried by jury on the plea of not guilty, and verdict of guilty of two offences. The state, to substantiate the charge in the warrant, introduced the said Willey as a witness, who testified to having purchased of the respondent at different times on the day he was arrested, two or three drinks of whisky, and also a half-pint of whisky in a bottle. On cross-examination the respondent inquired of the witness, among other things,

if he did not on the day he was arrested, buy a half-pint of liquor of George W. Paine, which the witness denied, and, to further inquiries by the respondent's counsel, denied that he was at said Paine's that day ; but said he had been there at other times, and purchased liquor of said Paine ; and also said he went from Lyndon Corner to Lyndon Centre that day, alone, in the forenoon, and was not accompanied by his brother, James Willey.

The state also introduced James Willey as a witness, who testified that he was a brother of Frederick Willey, and was with him at the respondent's on the day said Frederick was arrested, and drank once with him at the bar, of liquor purchased by Frederick of the respondent, and saw Frederick buy of the respondent and pay for a half-pint of whisky. On cross-examination, this witness, among other things, denied that he went on the day in question, from Lyndon Corner to Lyndon Centre, in company with his brother Frederick, but testified that he found his brother at the respondent's at Lyndon Centre, some time after noon of the day in question. The witness also denied that he went with said Frederick to said Paine's on the day in question, or that he saw him get any liquor there that day.

The respondent then offered said Paine as a witness, to show that on February 8th, the day in question, his books showed that he sold said James a half-pint of whisky ; and recalled the said James, and inquired if he did not on that day purchase a half-pint of whisky of said Paine. The respondent proposed to put this inquiry, in order to contradict the witness by said Paine. The court ruled that he could not make such inquiry for that purpose, as it was immaterial to the issue ; to which the respondent excepted. The respondent also offered one Thomas Chandler as a witness, and proposed to show by him, that on the day in question, he saw said Frederick and James together in the highway, near said Paine's house. The respondent offered to show this, to contradict said James and Frederick as to what they had testified on cross-examination about not going from Lyndon Corner to Lyndon Center together, on the day in question. The respondent offered to show that said Paine lived between Lyndon Corner and Lyndon Center. The court refused to allow the respondent to

show this for such purpose, holding that he could not contradict said witnesses on an immaterial fact drawn out by himself; to which the respondent excepted. The respondent's counsel claimed that the state, under this proceeding, could only show sales of liquor to said Frederick, and only such sales as produced the intoxication for which he was arrested. The court held otherwise, and told the respondent's counsel that it should hold that this was but another method of bringing the respondent into court for a violation of the law against selling, furnishing, and giving away intoxicating liquor contrary to the statute, and that the state could recover for as many offences as should be found proved, and not barred by the statute of limitations ; and so charged the jury ; to which the respondent excepted.

*Geo. W. Cahoon*, for the respondent.

The warrant clearly shows a case under § 2, ch. 31, of the Gen. Sts. Sec. 33, of ch. 94, does not conflict with it. The law requires that in criminal complaints, the acts complained of shall be alleged with certainty as to time and place. *State* v. *Con-O'Keefe*, 41 Vt. 691. Why the importance of the place, unless to determine the right of the magistrate to proceed with the trial ? Can the court in Caledonia county, try a case for selling liquor in Orange county, when the respondent, before trial, pleads to the jurisdiction ? *Parsons* v. *Parsons*, 1 N. H. 336; *Eames* v. ——, 3 N. H. 130 ; Morrison's Dig. (N. H.) 16, §§ 135, 136, 141. The justice had no jurisdiction to order the respondent before him at Wheelock, or to try him there. *State* v. *Colton*, 24 N. H. 143 ; Morrison's Dig. 233, §§ 273, 274. The respondent did not waive his right to move to dismiss, by asking for and procuring a continuance for the purpose of procuring counsel. The constitution, article X., provides that in all prosecutions for criminal offences, a person hath a right to be heard, by himself and his counsel ; and, article IV., that every person ought to obtain right and justice freely, and without being obliged to purchase it; completely, and without delay. In *State* v. *Conlin*, 27 Vt. 318, it was held that the respondent was entitled to specifications, and time to prepare his defence. If the presence of a party in interest, after

verbal notice of appraisal and sale of property on a writ, where the statute requires written notice, is no waiver of his rights, *Walker* v. *Wilmarth*, 37 Vt. 289, it would seem that in a criminal case under the statute, the asking for and obtaining delay, to enable the respondent to procure counsel, ought not to be a waiver of the respondent's right to be tried according to law. *People* v. *Cancinie*, N. Y. Court of Appeals. Courts even allowed a withdrawal of the plea of guilty, after a motion in arrest. *State* v. *Conlin, supra*; Morrison's Dig. 236, § 336.

The court erred in excluding the evidence offered ; also, as to the number of offences that could be proved.

*Elisha May*, for the state.

The plea as to the justice's right to try the respondent in Wheelock, for selling liquor in Lyndon, is dilatory, and should have been pleaded in abatement, in the outset. 1 Steph. Pl. 46 ; 1 Chit. Pl. 426. Sec. 33 of ch. 94, gives the justice jurisdiction over the subject-matter of the complaint, and the person too. It is true, the Gen. Sts. 277, § 2, point out the place *where* offenders shall be tried. But a respondent may waive that right by submitting to the jurisdiction. Here he did, by the continuance. *State* v. *Butler*, 17 Vt. 145 ; *Huntley* v. *Henry et al.* 37 Vt. 165 ; *State* v. *Intoxicating Liquors*, 44 Vt. 208. The respondent entered into a recognizance for his appearance before the court. 6 Foster, 232.

The testimony of Paine and Chandler was properly excluded. *Stephens et al.* v. *Beach*, 12 Vt. 585 ; *Powers et al.* v. *Leach*, 26 Vt. 270 ; *Ellsworth* v. *Potter et al.* 41 Vt. 685. Sometimes, as in the last case, it is a matter of discretion.

There was no error in the charge of the court as to the number of offences the state might prove. Gen. Sts. ch. 94, § 33. This proceeding is another method of enforcing the provisions of that chapter against the unlawful sale of liquors. But the respondent cannot complain. The state did not offer to prove any other offences than the sales to Frederick Willey.

The opinion of the court was delivered by

PECK, J. The motion to dismiss is founded on the Gen. Sts. ch. 31, § 2, which provides that " all prosecutions of a criminal nature hereafter commenced before a justice of the peace, within the jurisdiction of such justice to try and determine, shall be tried in the town where the offence was committed, or in the town where the respondent resides." The respondent was brought before the justice in the town of Wheelock, and there tried, and the papers indicate, and no question is made but such is the fact, that the respondent then resided in the town of Lyndon, and that the offence, if committed, was committed in Lyndon. This prosecution against this respondent, is under § 33, ch. 94, Gen. Sts., providing for the arrest of a person " found in such a state of intoxication as to disturb the public or domestic peace and tranquility," and as soon as capable of testifying properly in a court of justice, requiring him to disclose on oath, before a justice of the peace, the place where and the person of whom the liquor so producing intoxication was obtained, and all the circumstances attending it. One Frederick Willey, having been arrested in such state of intoxication in the town of Wheelock, and there brought before a justice, disclosed that the liquor whereby such intoxication was produced, was obtained of this respondent, Hoffman, at Lyndon, whereupon the justice, in pursuance of the further provision of the statute, and according to the form therein prescribed, caused this respondent to be brought before him, to answer to the charge so preferred against him. This proceeding against this respondent is not an original prosecution for selling intoxicating liquor, controlled as to place of trial, by the general statute requiring prosecutions for criminal offences before a justice, to be tried in the town where the offence is committed, or in the town where the respondent resides. It is an incident of the primary proceeding already instituted or pending against the person intoxicated; and, as to place of trial, follows that proceeding. The justice having the intoxicated person before him, and having procured his disclosure according to the statute, is required, forthwith, to issue his warrant, and cause the person so selling, furnishing, or giving away

said liquor, to be brought forthwith before him, &c. It does not require the justice to go to the town where the offender is charged with having supplied the intoxicating liquor, nor to inquire as to the town in which he resides, and adjourn his proceedings, already commenced and in progress, to one or the other of those towns. The accused is to be brought to the justice; the justice is not to go to the accused, to the town where he resides, or to the town in which he supplied the liquor. The town of Wheelock was the proper place for the commencement of the proceeding, and for the hearing as to Willey, who was there arrested under this section of the statute; and the form of proceeding prescribed by the statute, shows that the proceeding against the party charged by him with furnishing him the liquor, is but a branch of the same proceeding. No such complaint is required as is prescribed in the common case of prosecutions for the unlawful selling of intoxicating liquor; but the trial is had upon the warrant issued by the justice, reciting the proceedings before him, and that the person arrested " has disclosed that the liquor whereby such intoxication was produced, was obtained from" the person against whom the warrant issues—naming him—and thereby commanding him to be arrested and brought forthwith before him, the justice, " *to make answer to the charge so preferred against him.*" It is evident that no change of *venue* in the midst of such proceeding, is required by the statute, or was contemplated by the legislature. The provision, that such proceedings shall be had before such justice, as if the offender had been regularly prosecuted before such justice, was not designed to change the place of trial. It is suggested that, under this construction, a justice might try a party in one county for an offence committed in another county. But if a justice can not do so under this section of the statute, then an offender might, by sales of intoxicating liquor in one county, by the intoxication of his customers, disturb the public and domestic peace and tranquility of another county, and escape any prosecution therefor under this section of the statute; as the prosecution must be before the same justice before whom the person intoxicated discloses, and the justice cannot go out of his county and there try a case. It is true, in such case, the party thus offending

might be prosecuted in another mode, under another provision of
the statute, in the county where the offence was committed ; but, if
in such case he is liable to be prosecuted, either in the one county
or the other, at the election of the state, it is not the only case
where a party, striking a deadly blow in one county, and the fatal
result occurs in another, may be tried in either. Without refer-
ence to the question made as to the waiver of the ground of the
motion by the continuance, the motion was properly overruled.

The exception to the rejection of evidence to contradict the
state witness, cannot be sustained ; the matters drawn out on
cross-examination, were collateral to the issue, and too remote to
allow of the introduction of other evidence to contradict it.

The proceeding under the section of the statute in question, as
said by the county court, is but another method of bringing the
respondent into court for a violation of the law against selling,
furnishing, and giving away intoxicating liquor contrary to the
statute. But the court erred in giving it the same scope in rela-
tion to the number and extent of the offences that might be shown
under it, as in the common mode of prosecuting such offences ; as
in this respect, the proceeding is unlike a complaint under the form
prescribed by the statute for the common mode of prosecutions for
such violations of the statute, alleging offences committed " at
divers times." A prosecution for such offences in this mode in
question, under § 33, is based upon the prior proceeding of ar-
resting the intoxicated person, and procuring his disclosure ;
and is incident to it, and limited by it. The offences which come
within the scope of a prosecution under this section, do not extend
beyond what the person so found intoxicated is by the statute re-
quired to disclose ; that is, the sale or sales, furnishing, or giving
away of the liquor so producing intoxication. The language of
the statute imports this. The statute provides that the justice,
after procuring such disclosure, in case he shall adjudge from the
evidence that the sale, furnishing, or giving away of *said liquor*,
was an offence, &c., shall forthwith issue his warrant, &c., and
cause the person so selling, &c., to be brought forthwith before
him, and that " such proceedings shall be had in the case, in all
respects, as would have been had if the person so offending had

been regularly prosecuted before such justice for *such offence*, in the manner prescribed in this chapter." *Such offence* means, the offence of selling, furnishing, or giving away the intoxicating liquor that caused the intoxication. The statute does not say that the same proceedings shall be had as if the person had been prosecuted for such offence *and* others. If from the provisions of the statute thus far, there would seem to be any doubt as to this construction, the form of the warrant prescribed by the statute to be issued, and upon which the person thus charged is to be tried, removes that doubt. It recites the arrest of the person in a state of intoxication, &c.—naming him—that he "has disclosed that the liquor whereby such intoxication was produced, was obtained from,"—the person against whom the warrant issues—naming him—that it appears that the furnishing of such liquor was an offence, &c., and requires the party to be arrested and brought before the subscribing authority, &c., "*to make answer to the charge so preferred against him.*" The warrant cannot be construed to embrace offences beyond the scope of its import, and is limited as already stated. But this abstract error in the ruling of the court as to what might be shown under this proceeding, does not vitiate the verdict, as it is apparent that no proof was introduced of any offences not within its scope. This disposes of all the questions relied on by defendant's counsel in argument.

Judgment that there is no error in the proceedings of the county court; that the respondent take nothing by his exceptions; and that he pay a fine of twenty dollars and costs of prosecution.