SYLVIA A. CLEMENT *v.* AARON SKINNER AND TRUSTEES.

October Term, 1899.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed March 3, 1900.

*Contract to marry—Time of performance*—A contract to marry, unconditional as to time, is in contemplation of law a contract to marry within a reasonable time.

*Contract to marry—Effect of subsequent agreement as to time*—In the case of such a contract to marry, a subsequent agreement as to the date of the marriage is not the formation of a new contract, nor the abandonment of the existing one, but is a recognition of the subsisting contract, and is an act of the parties which is evidence of what is a reasonable time.

*Contract to marry—Modification as to time*—If a contract to marry within a fixed time, is indefinitely extended as to time, it then becomes a contract to be performed within a reasonable time.

*Declaration upon a contract—Sufficient to state legal effect*—In declaring upon a contract it is not necessary nor proper to set forth the various steps which led up to it, nor is it necessary to set forth its identical language. It is sufficient if its legal effect is stated.

*Variance*—Under the foregoing principles of law, there was in this case no variance between the contract to marry declared on and the contract which, in either of two aspects, the plaintiff's evidence tended to show.

*Evidence—Presumption that language is understood according to its plain import*—The defendant was permitted to testify that in negotiations which induced an offer of marriage from him to the plaintiff, the plaintiff told him that she owned a stock of goods worth $1800, and owed only $400, and that he believed and acted upon such statement. He then offered, and was refused permission, to testify that from what the plaintiff so told him he understood that she owned a stock of goods worth $1800, and owed only $400. As the language used by the plaintiff, as testified to by the defendant, meant precisely what he offered to show he understood it to mean, and could mean nothing else, he is presumed to have understood it according to its plain, natural and only meaning, and there was no error in excluding evidence of his understanding.

*Practice—Error in reception of evidence cured by charge*—Upon the question of damages, evidence was received that while a contract to marry was in force between the parties, the plaintiff, a milliner, sold a part of her stock of goods at a sacrifice in order to be ready to marry, and that the

defendant knew of such sale and sacrifice. This was error, but, when the case was submitted to the jury, this evidence was withdrawn from their consideration upon the question of damages, and was left for their consideration only upon a question to which it was relevant. The error in admitting it for an improper purpose was thus cured, it not appearing that the defendant was surprised or misled in his defence by the action of the trial court.

SPECIAL ASSUMPSIT on a contract to marry. Plea, general issue. Trial by jury. Orleans County, March Term, 1899, *Start*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The case is stated in the opinion.

*W. W. Miles* for the plaintiff.

*Young & Young* and *B. F. D. Carpenter* for the defendant.

THOMPSON, J. I. The defendant claimed that there was a variance between plaintiff's evidence and her declaration, in that the latter alleged a promise to marry in a reasonable time, while her evidence showed that the promise was to marry when she had disposed of her stock of millinery goods. The plaintiff's evidence tended to prove that the defendant made her an offer of marriage, which she accepted, and that subsequent to her acceptance, it was talked over and settled between them that their marriage should take place as soon as she could dispose of her stock of goods. This leaves it, that the promise to marry when made, was unconditional as to time, and consequently the law fixed the time, which was a reasonable time. If there was an after understanding, that the date of the marriage should be as claimed by the plaintiff, that would not make a new contract. It would be entirely consistent with the subsisting contract and recognize its existence. In case of a contract between parties to do a certain act within a reasonable time, a subsequent understanding between them, that the act shall be done at a particular time, would not constitute an abandonment of the contract and the formation of another. Such an agreement would be an act of the parties, which would be evidence of what would be a reasonable time.

*Clark* v. *Pendleton*, 20 Conn. 505. Such was the effect of the understanding between plaintiff and defendant, if there was one as claimed by plaintiff, in respect to the true time when they should be married. Hence the court below correctly held that there was no variance as to this phase of the case.

II. The defendant's evidence tended to prove that by the terms of the contract, the plaintiff was to marry him in two or three weeks at most, from the date of their engagement. The plaintiff denied this, but her evidence tended to prove that if this claim of the defendant was correct he had waived the limitation as to time, and affirmed the contract so that it existed without any limitation by its terms in respect to time of performance. The court in substance instructed the jury that if the contract was as claimed by the defendant as to time, and he extended the time and kept the contract in force, the plaintiff could recover. To this, the defendant excepted on the ground that such new contract was not declared upon, and that it was a variance from the cause of action set out in the declaration. Assuming that the original contract in respect to time, was as claimed by defendant, and that it was indefinitely extended in respect to time of performance, as plaintiff's evidence tended to show, it then became a contract to be performed within a reasonable time, and this would be the contract upon which the plaintiff must recover, if at all. *Dana & Henry* v. *Hancock*, 30 Vt. 616. There is no variance between such a contract and the one described in the declaration. In declaring upon a contract it is not necessary nor proper to set forth the various steps which led up to it, nor is it necessary to set forth its identical language. It is sufficient if its legal effect is stated. This was done by this declaration and the charge was correct.

III. The defendant was permitted to show that in the negotiations which induced his offer of marriage to the plaintiff, she told him she owned a stock of goods worth about $1800 and owed only $400, and that he believed what she said on this sub-

11

ject and acted on it.  The evidence tended to show that she owed more than $400 at the time she told him that was all she owed.  The defendant excepted to the ruling of the court refusing to permit him to testify that he *understood* from what she told him that she owned her stock of goods to the amount of $1800, and owed only the sum of $400.  If the plaintiff said to the defendant what he claimed she said on this subject, it was in response to his questions, and her answers were direct and susceptible of only one meaning, viz., that she owned about $1800 worth of goods and owed only $400.  Standing thus, it was not error not to permit defendant to state what he understood from what she said on this subject.  The language used by plaintiff, if as claimed by the defendant, meant precisely what he offered to show he understood it meant, and could mean nothing else.  He must be presumed to have understood it according to its plain, natural, and only meaning.  There was no offer to show that he understood it in any other sense.  The ruling of the court permitting him to show what the plaintiff said, and that he believed and acted upon it, gave him the full benefit of this branch of his defense.

IV.  Subject to the objection and exception of the defend. ant, the plaintiff was permitted to show that while the contract to marry was in force, she sold a part of her stock of goods at a sacrifice of several hundred dollars, in order to be ready to marry the defendant, and that he knew of such sale and sacrifice at the time the same occurred.

When the evidence was received, it was admitted on the question of damages.  When the case was submitted to the jury, it was withdrawn from their consideration on that branch of the case, and the jury were instructed that the plaintiff could not recover for such loss.  But on the question of whether the defendant acquiesced in a postponement of the time in which the marriage contract was to be performed, the jury among other things, were instructed in substance, that they might consider this claim of the plaintiff, that she thus sold her goods at a sacrifice, and

that the same was known to him, and that he then made no claim that he did not consider the contract binding. This testimony was inadmissible on the question of damages as the case stood, but was relevant to the issue to which it was applied in the charge. The trial court could direct it to be used for a legitimate purpose although it would have been error to have used it for the purpose to which it was limited when admitted. The error in admitting it for an improper purpose, was cured by the action of the trial court, when it submitted the case to the jury. The defendant took no exception to the charge on this subject and it cannot be presumed that he was surprised or misled in his defense by the action of the trial court.

*Judgment affirmed, and cause remanded to County Court to be proceeded with as to trustees.*