## State of Vermont v. Roger N. Fairbanks, Sr.

[187 A.2d 335]

November Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed January 2, 1963

*John A. Rocray,* State's Attorney, for the State.

*Irwin S. Kendall* for the respondent.

**Shangraw, J.** The respondent was found guilty by a jury of operating a motor vehicle while under the influence of intoxicating liquor, in violation of 23 V.S.A. §1183. The respondent moved at the close of the state's evidence that a verdict of acquittal be directed by the trial court. This motion was renewed at the close of all the evidence in the case. Both motions were denied. The respondent has brought the case here upon notice of appeal from the verdict and judgment thereon. It is upon the denial of these motions that he has briefed his appeal before this Court.

By reason of the action of the trial court in denying his motions for a directed verdict of acquittal, the respondent has challenged the substance of the proof against him. We are required to

test the evidence in its aspect most favorable to the state, free from the force of modifying evidence. *State* v. *Fox,* 123 Vt. 82, 83, 181 A.2d 74; *State v. Tatko,* 119 Vt. 459, 460, 128 A.2d 633; *State* v. *Hart,* 119 Vt. 54, 55, 117 A.2d 387; *State* v. *Perras,* 117 Vt. 163, 164-165, 86 A.2d 544.

The test laid down in passing upon the respondent's motions for a directed verdict is whether the state introduced evidence fairly and reasonably tending to show respondent's guilt, or in other words, whether the jury on the evidence was justified in finding the respondent guilty beyond a reasonable doubt. *State* v. *Hart, supra,* 57; *State* v. *Boudreau,* 111 Vt. 351, 361, 16 A.2d 262, and cases cited.

The alleged offense occurred in Brattleboro, Vermont, on March 17, 1962. Steward Garland, while operating a truck in the middle of the afternoon of March 17th, followed a grey Chevrolet automobile from beyond the garage of Raymond S. Roberts, south of Brattleboro, Vermont, to a point in front of the Public Market, Main Street, Brattleboro, Vermont. The Chevrolet automobile, as testified to by Mr. Garland, ". . . was weaving all over the road, going from one side to the other, up onto sidewalks, back off onto the street." Further, that in front of Henry's Fruitland the car "swerved over and just missed cars on the other side of the road." The car pulled off and parked in front of the Public Market. Mr. Garland immediately gave Marcel LeClair, a patrolman of the police department of Brattleboro, a description of the Chevrolet automobile, and the license number. Mr. Garland, in court, identified the respondent as the driver of this automobile.

Upon receiving the complaint from Mr. Garland at about four o'clock in the afternoon, patrolman LeClair immediately went to the vicinity of the All States Cafe, on Main Street, where he saw the respondent walk from this cafe and get into the grey Chevrolet which was parked in front of the Public Market. He stated that the respondent was then under the influence of intoxicating liquor. At this time the respondent told him that he had just gone into the cafe and had immediately come out without having had anything to drink.

Reginald Belville, a local police sergeant, received a call by radio that a cruiser was needed in front of the Public Market, and upon arriving there observed the smell of liquor on the respondent's breath; noticed that he was unsteady on his feet; that his speech was slurred;

and that in his opinion the respondent was under the influence of intoxicating liquor. The respondent was immediately arrested for intoxication, to which charge he was arraigned and pleaded guilty.

The essence of the respondent's defense is that after parking his car in front of the Public Market he arrived at the All States Cafe about one o'clock in the afternoon of March 17th, and remained there about three hours or more. During this period he consumed several beers. It is claimed that he had not had anything to drink prior to his arrival at the cafe, and that his condition, if intoxicated, came about during the period between the middle of the day and about four o'clock in the afternoon, not before then. Other than the respondent's testimony, no evidence was introduced to support this claim.

In view of the conflicting evidence, this leads us to the credibility of the witnesses and the weight to be given their testimony, nothing more. It is the undisputed rule that the trier of the facts—the jury in this case—was the sole judge of the credibility of the witnesses and the weight to be given their testimony. *State* v. *Martel,* 122 Vt. 491, 494, 177 A.2d 236; *Daigle* v. *Conley,* 121 Vt. 305, 307, 155 A.2d 744; *State* v. *Hilliker,* 117 Vt. 569, 572, 97 A.2d 119.

The action of the trial court in denying the motions for a directed verdict of acquittal, and permitting the jury to resolve, by their verdict, the truth of the charges presented, was not in error. *State* v. *Tatko, supra,* and cases cited thereunder. From the evidence the jury could have reasonably reached the verdict returned. No error appears.

*Judgment affirmed, and cause remanded. Let execution be done.*