# State of Vermont v. Richard E. Pecor, Sr.

[ 250 A.2d 736 ]

December Term, 1968

Present:  Shangraw, Barney, Smith, Keyser, JJ., and Larrow, Supr. J.

Opinion Filed February 4, 1969

*Joseph C. Palmisano,* State's Attorney, and *Alan W. Cheever,* Assistant Attorney General, for the State.

*McKee & Clewley* for the Petitioner.

**Keyser, J.** This is an appeal from the dismissal by the Washington County Court of the petitioner's motion to vacate the sentence imposed upon him by the Barre City Municipal Court on March 4, 1963. The proceeding is brought under 13 V.S.A. §§7131-7137. The court below heard the motion on February 2, 1968, the petitioner being present and represented by counsel. The court made findings of fact, denied the motion and ordered its dismissal.

The petitioner is presently confined in the Vermont State Prison. He was convicted on March 4, 1963, in the Barre Municipal Court

on a plea of guilty to the crime of statutory rape and was sentenced to serve a term of not less than fifteen years and not more than twenty years. Mittimus issued the same day.

The findings show that on February 25, 1963, the state's attorney of Washington County, on his oath of office, issued an information charging the petitioner with the offense *supra*. Warrant issued and the petitioner was arrested late in the afternoon of the same day and lodged in the Barre City jail. He asked the police officer to call an attorney. The officer made a telephone call and advised petitioner he could not contact an attorney.

The petitioner was arraigned without counsel in Barre Municipal Court on February 26, 1963, and entered a plea of not guilty. Bail was fixed at Five Thousand dollars, lacking which the petitioner was confined to the Washington County jail. At the time of his arraignment the petitioner did not request the court to assign him counsel and none was then made. On February 28, 1963, at petitioner's request, the court assigned counsel of his own choosing.

The petitioner's first argument is that he "was not at any time informed of his rights and says he was not allowed to have any attorney until he consented to plead guilty." He argues that he was not competent to enter a plea of guilty due to his ignorance and inability to understand the charges against him.

The findings establish that petitioner's counsel made an investigation into the charges against his client. He interviewed witnesses and conferred with the state's attorney concerning the evidence developed against the petitioner. The facts disclosed by this investigation were discussed with petitioner on March 2. The petitioner was also informed as to the nature of the charges and other matters including pleas, trial and sentence. His attorney told the petitioner his chances upon jury trial in county court were not good but he left the choice to the petitioner. The petitioner then told his counsel that he thought he had better change his plea in municipal court from not guilty to guilty and asked that counsel do what he could to obtain as low a sentence as possible. On March 4, 1963, the petitioner personally, with his counsel present, withdrew his plea of not guilty and entered a plea of guilty. Sentence followed and mittimus issued. The court found this change of plea was "the free choice of the respondent."

The court also found, contrary to the petitioner's contention, that he entered his plea of guilty without threats of any kind having been

made by the state's attorney or any other person; also that the plea was made freely and of his own volition when represented by competent counsel.

The petitioner also claims he was interrogated on three different occasions by the state's attorney and a Barre City policeman but the court did "not find such to be the fact." There is nothing in the record to indicate that the petitioner said anything which was used to convict him of the crime alleged. He makes no claim that statements were ever taken or extracted from him for any such purpose. Thus, petitioner was not, as he claims, "a witness against himself."

The petitioner claims the doctrine pronounced in *Escobedo* v. *Illinois,* 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 applies to this case. The facts here are substantially different than in the *Escobedo* case. Here, the petitioner was not questioned in either an investigatory or accusatorial stage in a police inquiry. Neither was there any custodial questioning nor any inculpatory statements involved. The case cited has no application here.

The trier of fact is given the sole determination as to the weight of the evidence, the credibility of the witnesses and the persuaive effect of the testimony. *State* v. *Fairbanks,* 123 Vt. 298, 300, 187 A.2d 335. And a finding must stand if supported by any credible evidence although there may be inconsistencies. *Anderson* v. *Knapp,* 126 Vt. 129, 134, 225 A.2d 72. The evidence reasonably supports the findings of the court concerning the facts and circumstances surrounding the plea of guilty entered by the petitioner.

There is no indication in the record that anything transpired after petitioner's arrest which was detrimental or prejudicial to his rights or made it a hopeless or useless task to assign him counsel three days later. The petitioner has not established anything in substance to show that his rights were adversely affected. It was only after his counsel made an investigation of the case, advised the petitioner as to the evidence, the nature of the charge and matters concerning his rights that the petitioner on his own reflection and judgment decided to enter a plea of guilty.

Petitioner's second argument raises the question that the warrant issued by the state's attorney was not valid and not based upon probable cause.

The state's attorney issued the information upon his oath of office.

The information was exhibited to the court on February 25, 1963, which issued the warrant on the same day for the petitioner's arrest.

The petitioner argues that this information on the state's attorney's oath of office denied petitioner the equal protection of the laws and due process of law.

This precise issue was before us in the cases of *In re Davis*, 126 Vt. 142, 224 A.2d 905 and *In re Morris*, 126 Vt. 297, 229 A.2d 244. We there held no denial of due process was present. The same situation exists here.

We find no basis to support petitioner's contention that his constitutional rights were violated.

Manifest error not appearing, petitioner's conviction will be sustained.

*Affirmed.*