# State of Vermont v. Gerald Max Ryan

[380 A.2d 525]

No. 124-76

Present: Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.

Opinion Filed October 31, 1977

Motion for Reargument denied November 29, 1977

Ronald F. Kilburn, Franklin County State's Attorney, St. Albans, for Plaintiff.

Robert D. Rachlin, James C. Gallagher, and Gary H. Barnes of Downs, Rachlin & Martin, St. Johnsbury, for Defendant.

**Hill, J.** On April 21, 1976, appellant Gerald Max Ryan was convicted of murder in the first degree. This was the second trial of the case, the first having resulted in a mistrial after the jury was unable to reach a verdict. Appellant was charged with being an "accessory before the fact by counseling, hiring or otherwise procuring an offense to be committed." 13 V.S.A. § 4. The alleged "offense" was the killing of one Lawrence Henry Juaire, Jr., on October 3, 1974, by Bonnie Lee King, who has pleaded guilty to second-degree murder in connection with the Juaire killing.

Appellant has briefed six points of error for our review. He claims that: (I) The evidence presented at the trial was not sufficient to support a guilty verdict; (II) The trial court erred in denying appellant's pretrial motion to exclude evidence of his prior conviction for manslaughter; (III) The court below erred in charging the jury that they could find the appellant guilty of being an accessory before the fact if they found that he "assisted" in the murder of Juaire; (IV) The trial court erred in allowing the sentence received by Bonnie Lee King for the murder of Juaire to be admitted into evidence; (V) References by the prosecutor to Charles Manson prejudiced appellant's right to a fair trial; (VI) The trial court erred in denying appellant the opportunity to introduce a tape recording of a pretrial statement by a prosecution witness as evidence regarding the demeanor of that witness.

## I.

We address first appellant's contention that the evidence introduced at the trial was insufficient to support the guilty verdict.

We are bound to uphold the judgment of the court below unless we find that there was no credible evidence presented which would justify a guilty verdict. See *State* v. *Eaton*, 134 Vt. 205, 209, 356 A.2d 504 (1976); *State* v. *Pecor*, 127 Vt. 401, 403, 250 A.2d 736 (1969). We are required to view the evidence in the light most favorable to the State. *State* v. *Fairbanks*, 123 Vt. 298, 298-99, 187 A.2d 335 (1963). It is for the jury to determine whether the evidence is believable and, if believed, what weight to accord it. See *Eaton, supra,* 134 Vt. at 208-09; *Pecor, supra,* 127 Vt. at 403. In its prosecution of the case below, the State relied largely on the testimony of Bonnie Lee King. The essence of the State's case was that appellant "counselled or otherwise procured" the murder of Lawrence Juaire by influencing King to kill Juaire. King's testimony included the following exchanges with the attorney for the State:

King: "[H]e [appellant] told me what to do, how to do it, what to use, what I should use - he made it very clear that it had to be done in order to prove myself to him."

State: "What was it that had to be done?"

King: "I had to shoot Larry Juaire."

and further:

King: "He [appellant] said ... in order to prove my love for him I had to kill Larry Juaire."

There were additional statements by King which would tend, if believed, to implicate appellant in the murder of Juaire, and there was buttressing testimony by other witnesses for the prosecution. Viewing all the admissible evidence in the light most favorable to the prosecution, it cannot be said that there was no evidence which would reasonably support a guilty verdict.

## II.

Appellant claims that he was denied a fair trial because the court ruled at a pretrial hearing that evidence of appellant's prior conviction for manslaughter would not be excluded.

A brief review of the procedural background relevant to this issue may be helpful in understanding our conclusion. At the first trial of this case, evidence of appellant's conviction for manslaughter and the facts involved in that homicide were introduced by the prosecution and admitted over the objection of the defense. Prior to the second trial, the State acknowledged that it would again offer this evidence. Thereupon, appellant moved to have all evidence pertaining to his conviction for manslaughter excluded, arguing that this evidence was governed by the general rule that evidence of prior convictions of a criminal defendant is not admissible to show a propensity on the part of the defendant to commit crime. *State* v. *McMann*, 133 Vt. 288, 291, 336 A.2d 190 (1975). The State argued that the evidence which it desired to introduce came under one of the various exceptions to the general rule. The appellant indicated that if his motion was denied he would be forced to mention the conviction to the prospective jurors on voir dire. Following a conference in chambers, the court indicated it would allow the State to pursue the issue of the prior conviction. Immediately following this conference the voir dire began. At the voir dire, appellant told prospective jurors about his prior conviction for manslaughter and inquired as to their ability to remain impartial. These inquiries were the first occasions the jury had to learn of the prior conviction.

The State mentioned during its opening statement that appellant had shot and killed one Howard Brooks (without noting that appellant's subsequent conviction was for manslaughter), and made further references to that homicide during the trial, but the State did not elicit the full details of the Brooks killing or attempt to draw parallels to this case as it had in the first trial.

The State contends that regardless of our conclusion on the issue of the admissibility of the evidence of the prior conviction we should affirm the judgment of the lower court because: (1) Any error made by the court below was harmless error, the appellant's rights not having been prejudiced; and (2) Any prejudice which may have occurred was the result of

appellant's trial strategy, namely, the disclosure of the prior conviction to prospective jurors during voir dire.

█ Prejudice is to be determined on the facts of each case and should be weighed within the context of the entire proceedings. A particular factor to be considered is whether or not there is such a plethora of evidence of guilt, exclusive of the evidence challenged, that the challenged evidence could be said to have contributed nothing to the verdict. *State* v. *Rebideau*, 132 Vt. 445, 449, 321 A.2d 58 (1974). This Court has recognized the extremely prejudicial effect which evidence of prior crimes can have on a jury. *State* v. *Garceau*, 122 Vt. 303, 306, 170 A.2d 623 (1961); *State* v. *Howard*, 108 Vt. 137, 154, 183 A. 497 (1936). Our reading of the transcript leaves us unable to say that the exclusion of the challenged evidence would not have changed the outcome. Nor do we find the trial court's limiting instruction in the charge ("defendant's conviction ... may be considered only as it affects his credibility") sufficient to remedy the prejudicial effect. The jury learned of the prior conviction at the beginning of the trial, and at that time there was no limiting instruction. While it is sometimes possible to correct the erroneous admission of evidence by subsequently instructing the jury to consider the evidence for a permissible purpose only, see *Clement* v. *Skinner*, 72 Vt. 159, 162-63, 47 A. 788 (1900), this is not such a case. Moreover, there is nothing in the record to indicate that the State made a positive showing that moral turpitude was involved in appellant's prior crime. 12 V.S.A. § 1608 requires that such a showing be made to support the use of prior crime evidence for purposes of impeachment. See *Pond* v. *Carter*, 126 Vt. 299, 308-09, 229 A.2d 248 (1967). Therefore, we find that the bringing before the jury of the evidence of the prior conviction was prejudicial to appellant.

The State contends that any prejudice which may have occurred is attributable to the appellant's voir dire examinations and therefore not grounds for upsetting the verdict. The short answer is that the State compounded the error (if it was one) when it said in its opening statement (speaking of Howard Brooks): "He was shot twice by Gerald Ryan and killed." We think that this statement alone, even absent the disclosures made on voir dire by appellant, constitutes prejudicial evidence.

A second contention of the State is that the fault lies with the party which *introduces* the evidence and that, since the

appellant first introduced the evidence, it made no difference that the State mentioned the Brooks killing in its opening statement. This is not the case presented in *Commonwealth* v. *Rundle*, 420 Pa. 127, 216 A.2d 57 (1966) (cited by the State), in which the Pennsylvania Supreme Court held that an appellant in a criminal case was bound by the strategic decision of his counsel at trial to not raise constitutional objections to a search. Nor is this the case presented by *State* v. *Hoffman*, 46 Vt. 176, 183 (1873) (also cited by the State), in which an erroneous ruling by the trial court that the prosecution could prove multiple offenses although only one offense was charged was held to be harmless error because the State did not attempt to prove the uncharged offenses. In this case, unlike *Rundle, supra,* the defense pursued a strategy based on a ruling by the court which it need not have pursued, had the ruling been otherwise; and as a result, unlike the situation in *Hoffman, supra,* the defendant was prejudiced.

■ The State argues that the initial ruling of the court was in fact not a final ruling, the question being reserved until the State offered the evidence. Even if the proceedings in the lower court are subject to this interpretation, we think appellant was unfairly prejudiced. Appellant had a right to move for the suppression of the evidence relating to the prior conviction. V.R.Cr.P. 12(b). This issue was eminently capable of determination before trial because the evidence had been introduced at the first trial and the State indicated its intention to use the same evidence in the same manner in this trial. Although V.R.Cr.P. 12(d) allows the trial court to defer the decision on a pretrial motion until the trial "if neither party would be prejudiced," we find no indication that at the time of the initial resolution of the issue, just prior to the voir dire, the court was "deferring" the determination. Moreover, such a deferral would have been prejudicial to the appellant because it would have left him without a basis on which to decide whether he should bring the prior conviction to the attention of prospective jurors on voir dire. This strategy, whereby a defendant attempts to soften the impact of information about his prior crimes by bringing up the matter himself, was recognized by this Court in *State* v. *McMann, supra,* 133 Vt. at 290. A trial judge must have some discretion over the motions

which are resolved before trial and those which are postponed for later consideration. However, where the defendant requests a ruling which will affect defense strategy from the very inception of the trial, and where there is no apparent reason to postpone the determination of the motion other than the desire to avoid a difficult issue, we think the trial court should rule and the defendant should be entitled to rely on that ruling. If the defendant's reliance in this case resulted in the placing of prejudicial material before the jury, the ensuing harm cannot be said to be the fault of the defendant.

We do not decide whether the remarks of the State in its opening address alone, or whether the introduction of prejudicial material by the defendant in reliance upon a trial court ruling alone, would constitute sufficient prejudice to invoke our review of the alleged error in the ruling. However, where these elements are combined as they are here, considerations of fairness require that we consider the correctness of the ruling which allowed the prejudicial information into the case.

■■ The issue with which we are faced is whether evidence of appellant's earlier conviction for manslaughter and the circumstances of that homicide was admissible. The general rule is that evidence of a distinct, independent offense, though of the same kind as that charged, is not admissible against a criminal defendant. Such evidence may be admissible, however, to show motive, intent, knowledge, a plan or purpose, or preparation, leading up to or connecting the defendant with the commission of the offense charged, even though it involves proof of a distinct crime. *State* v. *McMann, supra*, 133 Vt. at 291; *State* v. *Howard, supra*, 108 Vt. at 152; *State* v. *Winters*, 102 Vt. 36, 50-51, 145 A. 413 (1929); *State* v. *Williams*, 94 Vt. 423, 430, 111 A. 701 (1920); *State* v. *Donaluzzi*, 94 Vt. 142, 145-46, 109 A. 57 (1920); *State* v. *Eastwood*, 73 Vt. 205, 207, 50 A. 1077 (1901); *State* v. *Kelley*, 65 Vt. 531, 534, 535, 27 A. 203 (1892). It is for the court to decide whether the proffered evidence comes under one of the exceptions to the general rule of nonadmissibility. Where there is doubt about the probative value of the prior crime evidence, that doubt should be resolved in favor of the defendant and the evidence ruled inadmissible. *State* v. *Howard, supra*, 108 Vt. at 153. It is often difficult to draw a line between evidence which merely indicates a propensity to commit crime and evidence which is probative of

an issue in the case. This is especially true when the evidence is offered to show motive or intent, because the court is required to distinguish between evidence which is probative as a matter of law and evidence which is "effective only as it appeal[s] to the tendency to believe that a man who committed a larceny at one time may very well have been guilty of the same offense at another." *State* v. *Kelley, supra,* 65 Vt. at 536, *quoted in State* v. *McMann, supra,* 133 Vt. at 291. In order to prevent the exceptions from completely obscuring the general rule and its policy of protecting the defendant from prejudice, the determination of admissibility sometimes consists of a balancing of the probative value against the degree of prejudice which may result. McCormick on Evidence § 190, at 452-54 (2d ed. 1972).

■ In its arguments both before the court below and here, the State relied on the exceptions of motive and intent, and it is only those bases of admissibility which we need examine in any detail. It will be helpful in discussing the applicability of these exceptions to set out the alleged factual similarities between the Brooks and Juaire killings on which the State relies. Both victims were lured to the locations of the shootings; both were shot twice, with shotguns, at belt level, the second shot coming after the victims had fallen; appellant had reason to be jealous of both victims; both perpetrators, Bonnie Lee King in this case, appellant in the Brooks case, claimed self-defense and used the same attorney. The State also relies on a statement which King testified was made by appellant, to the effect that appellant shot Brooks for her, and that she had to shoot Juaire for appellant. Regardless of the admissibility of this statement on its own, we fail to see how its existence supports the admissibility of further evidence of the Brooks killing.

The State argues that the motives for both the Brooks and Juaire killings were the same — jealousy on the part of the appellant. We think the State misunderstands the theory of the motive exception. Evidence of other crimes is only admissible to establish motive when the fact of the commission of the other crime provides a reason for the defendant to have committed the crime charged. McCormick, *supra,* § 190, at 450-51 & n. 44.

■ Even if we accepted the State's assertion that there was a motive of jealousy behind the killing of Brooks and that

appellant had reason to be jealous of the victim in this case, we do not find the probative value necessary to override the prejudice which could result from admission of the Brooks killing evidence. On the contrary, we find this to be precisely the kind of evidence which is prohibited under Vermont law, because, to paraphrase *State* v. *Kelley*, *supra*, 65 Vt. at 536, this evidence would be "effective only as it appealed to the tendency to believe that a man who [acted on his jealousy] at one time may very well have been guilty of the same offense at another." Thus, we hold that evidence of the Brooks killing was not admissible to show motive in this case.

The other exception on which the State relies is that which admits evidence of other crimes to show intent. For essentially the same reasons that we rejected the State's argument based on the motive exception, we hold that the evidence of the appellant's prior conviction for manslaughter should have been ruled inadmissible. The exception which allows use of evidence of another crime to show intent has traditionally been invoked in those cases in which there is no question of the defendant's having performed the charged act, but only of his intent to perform it. Here appellant is charged with influencing Bonnie Lee King to commit murder. Evidence that appellant had previously influenced another to commit murder might be probative on the issue of intent here, but evidence of an earlier killing by appellant, while likely to spawn prejudice, would contribute nothing to a decision as to his intent or lack of intent to perform the "counseling" charged here.

The State's attempts to fit the evidence of the manslaughter conviction under the rubrics of motive or intent share the same flaw. In neither case do we find any *connection* between the two crimes other than that connection which depends on the naturally drawn but legally insufficient assumption that "If he did it once, he probably did it again." See *State* v. *Howard*, *supra*, 108 Vt. at 153.

Based on the foregoing discussion, we hold that the initial ruling of the trial court which denied the motion to exclude evidence of appellant's prior conviction for manslaughter was error. Such evidence falls under none of the exceptions to the general rule that evidence of a defendant's prior crimes may not be used against him, and the failure to so rule resulted in prejudice to appellant.

Because we find that the appellant must be granted a new trial for the reasons discussed above, we are not required to pass on the other issues presented.

*Reversed and remanded for a new trial.*