## State of Vermont v. Ronald L. Ritchie

[473 A.2d 1164]

No. 83-105

Present: Billings, C.J., Hill, Underwood and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed January 27, 1984

*Dena Monahan,* Chittenden County Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Nancy E. Kaufman,* Montpelier, for Defendant-Appellant, and *Ronald L. Ritchie,* pro se, St. Albans.

**Hill, J.** The defendant appeals his conviction of two counts of aiding in the concealment of stolen property, a violation of 13 V.S.A. § 2561, and one count of assisting a felon with the intent that the felon avoid arrest, a violation of 13 V.S.A. § 5. We agree with the defendant's contention that the trial court erred in failing to rule on the defendant's motion to exclude evidence of prior convictions prior to jury selection. We reverse the defendant's convictions on this point and therefore do not reach the other issues raised by the defendant.

Before trial, defense counsel filed a motion to exclude evidence of the defendant's prior convictions for purposes of impeachment. The motion was filed pursuant to 12 V.S.A. § 1608 as interpreted in *State* v. *Gardner,* 139 Vt. 456, 433 A.2d 249 (1981). In *Gardner* this Court held that the trial court has discretion in deciding whether to permit the impeachment of a witness' credibility by the use of prior convictions involving moral turpitude. The defendant's criminal record in this case included convictions for receiving stolen property, petty larceny, and breaking and entering. In the motion, defense counsel requested the trial judge to rule on the motion prior to trial, "since the Court's decision will have a strong bearing upon Defendant's opening statement, both as to early disclosure of Defendant's past record to the jury, and as to whether Defendant will testify in his own behalf." Prior to jury selection, defense counsel again pointed out the impor-

tance of ruling on the motion before voir dire, stating that the court's decision would determine whether defense counsel would ask prospective jurors if knowledge of the defendant's prior convictions would prejudice them. The State also urged the court to decide the motion prior to jury voir dire. Nevertheless, the court refused to rule on the motion until after the State had presented its case.

The defendant had a right to move, before the beginning of trial, for the suppression of evidence relating to prior convictions. V.R.Cr.P. 12(b) ; *State* v. *Ryan,* 135 Vt. 491, 496, 380 A.2d 525, 528 (1977). A trial court is not required to rule on a motion prior to trial unless a party would be prejudiced by delay. Reporter's Notes to V.R.Cr.P. 12 at 64. This Court has stated that deferring decision on a pretrial motion to exclude evidence of a prior conviction is prejudicial to the defendant because it leaves the defendant "without a basis on which to decide whether [to] bring the prior conviction to the attention of prospective jurors on voir dire." *Ryan, supra,* 135 Vt. at 496, 380 A.2d at 528. In *Ryan* we held that

> where the defendant requests a ruling which will affect defense strategy from the very inception of the trial, and where there is no apparent reason to postpone the determination of the motion other than the desire to avoid a difficult issue, . . . the trial court should rule and the defendant should be entitled to rely on that ruling.

*Id.* at 497, 380 A.2d at 528–29.

In this case we can find no justifiable reason why the trial court chose not to rule on the defendant's motion until after the State had presented its case. Since the defendant was prejudiced by the delay, we must reverse his convictions and remand for a new trial.

*Reversed and remanded.*