## State of Vermont v. John Savo, Jr.

[556 A.2d 54]

No. 85-103

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned.**

Opinion Filed May 22, 1987

Motion for Reargument Denied December 27, 1988

*Jeffrey L. Amestoy, Attorney General,* and *Elizabeth J. Grant, Assistant Attorney General,* for Plaintiff-Appellee.

*Martin and Paolini*, Barre, for Defendant-Appellant.

**Barney, C.J.** (Ret), Specially Assigned. The defendant was convicted by a jury of burglary with an associated count of attempted petty larceny. His appeal of that conviction addresses two issues, both raised by motions before trial.

The first issue is one of disqualification of the trial judge. The particular judge presiding at this case presided over a trial of this defendant for a robbery in Addison County some eight years previously. Because the sentence in that case was asserted to be "unduly harsh," the defendant argued that it evidenced personal hostility against him requiring disqualification. A further argument was advanced that the judge made reference to the facts of the earlier trial and therefore was acting improperly in using information gained outside of the present trial.

Disqualification results from personal knowledge acquired extrajudicially. Information acquired from earlier judicial proceedings by a trial judge's participation in a case is not extrajudicial or, in the usual case, evidence of bias. So it is here, and no basis for recusal is shown. The claim of bias based on the sentence imposed in another case, on the facts of the matter, likewise evidences no basis for disqualification. The Code of Judicial Conduct was not violated. Nor was there anything demonstrated below evidencing a personal bias against the defendant. If anything, the record is quite to the contrary.

The other issue derives from the pretrial motion filed by the defendant to exclude evidence of prior convictions. The purpose of such a motion has been discussed in previous cases such as *State* v. *Gardner*, 139 Vt. 456, 458, 433 A.2d 249, 250 (1981); *State* v. *Jarrett*, 143 Vt. 191, 192-93, 465 A.2d 238, 239-40 (1983); and *State* v. *Ritchie*, 144 Vt. 121, 122-23, 473 A.2d 1164, 1165 (1984). Briefly put, it is to enable a defendant to make a knowledgeable decision about personally taking the witness stand, and about preparing the prospective jurors for whatever parts of his criminal record that may be allowed to be put in evidence. But the needs of the defendant are not the only ingredients underlying such a ruling. If that were so, there would be no room for the application of discretion by the trial court, as is called for by the cases.

Thus it is evident that there are competing concerns calling for evalutions. It is the duty of the trial court to resolve them.

The overriding consideration is that their resolution be conducted in a manner and at a time that does not treat a defendant unfairly, or lead him into a trap not of his own making.

Because the considerations relating to admitting or excluding a defendant's criminal record for impeachment purposes are conflicting, variations in background facts will produce results that may not appear to make a consistent pattern. For example, if, on such a motion, a judge declares that the criminal record will not be admitted, that ruling is a commitment by the court that cannot be altered unless it can be shown that, at the time a change in such a ruling is sought, the defendant has not taken any action in reliance on the ruling that would make its reversal prejudicial in the least degree. The opposite ruling, that the criminal record will be admitted, is not so constricting. If the record is then in fact admitted, the defendant, whatever his contention about the appropriateness of the decision, has at least not been misled to prejudice.

In between come the cases where the trial court, for reasons encompassed within the term "justifiable," as used in *State* v. *Ritchie,* 144 Vt. at 123, 473 A.2d at 1165, is not able to exercise the required discretion due to insufficient development of the facts at the time the motion is made. In such cases, after conviction, the remedy may have to await testing under a motion for a new trial or appellate review. Where a trial judge has the right to exercise discretion, it is not possible, without destroying the meaning of discretion, to reduce every ruling to an automatic formula. The desirable and properly sought for result is one that maximizes fairness to all parties and avoids prejudice, as well as minimizing the need for appeal. The burden that *Ritchie* imposes on a trial judge is that his ruling on the admissibility of the defendant's criminal record cannot be delayed, absent a demonstrably justifiable reason related to the evaluation of the competing issues of probative value versus prejudice.

This case falls more truly within the second classification in which the defendant was warned of the probablity of admission of a part of his criminal record, a ruling upon which he could base his strategy. That being so, the rule of *State* v. *Gardner,* 139 Vt.

at 460-61, 433 A.2d at 251, and *State* v. *Ritchie,* 144 Vt. at 123, 473 A.2d at 1165, has not been violated, and the conviction will stand.

*Judgment affirmed.*