## State of Vermont v. Patrick H. Bedell

[556 A.2d 101]

No. 85-528

Present: **Allen, C.J., Peck, J., Barney, C.J. (Ret.), Costello, D.J. (Ret.) and Martin, Supr. J., Specially Assigned**

Opinion Filed January 13, 1989

*William T. Keefe, Addison County Deputy State's Attorney*, Middlebury, for Plaintiff-Appellee.

*Susan M. Murray* and *John L. Kellner* of *Langrock Sperry Parker & Wool*, Middlebury, for Defendant-Appellant.

**Barney, C.J.** (Ret), Specially Assigned. Defendant was convicted, after trial by court, of driving while under the influence of intoxicating liquor (DUI). We affirm.

There was a pretrial motion to suppress the results of the breath sample given by the defendant at the police station after

he consulted with an attorney, which was denied. The sole issue raised on appeal is the refusal of the trial court to grant the motion suppressing the breath test evidence. Grounds for the suppression request were that the breath test results were obtained following an illegal arrest.

According to the trial court's findings, the events that led to defendant's citation for DUI occurred as follows. Upon arriving at the scene of a reported car accident, officers of the Vermont State Police found an unoccupied, overturned car on the side of a road. Defendant and several other passersby were standing nearby. Defendant told the officers that he had been the driver of the car. The officers' observations led them to conclude that defendant was under the influence of intoxicating beverages. At the scene of the accident, the police administered a preliminary breath alcohol screening test to defendant as allowed by 23 V.S.A. § 1202(b). Based upon the results of this test, the police asked defendant if he would give a second sample of his breath at police headquarters. Immediately following this request, they gave defendant his *Miranda* warnings, and, pursuant to 23 V.S.A. § 1202(c), they read defendant his DUI rights, specifically that he had the right to consult with an attorney prior to deciding whether or not to submit to the test. Defendant indicated that he wished to exercise his right to contact an attorney. In order to be transported to the nearest telephone, defendant was handcuffed by an officer, placed in the rear of a cruiser and taken to the Bristol Police Department.

Defendant was advised that he was not going to jail. He was also advised that he would be allowed to go home or be taken home by the police. After talking with an attorney, defendant agreed to submit to the breath test. Afterward, the police issued defendant a citation for DUI, and allowed him to go home.

In his motion to suppress the evidence of his breath test, defendant argued that he was not simply complying voluntarily with the officers' requests, but was in fact put under arrest. He further claimed that the arrest was illegal because the alleged offense was not committed in the officers' presence, nor had they obtained a valid arrest warrant, all of which violate the dictates of V.R.Cr.P. 3(a). With limited exceptions, pursuant to V.R.Cr.P. 3(a), a law enforcement officer may only make a warrantless arrest for a misdemeanor when the officer has probable cause to believe a person has committed the crime in the officer's presence. In this in-

stance, none of the officers observed defendant actually driving while intoxicated. Defendant argued that he was arrested, that the arrest was illegal, and therefore the evidence of the breath test should be suppressed.

The trial court denied the motion, not by finding that defendant was arrested and the arrest was legal, but by concluding that, whether illegal or not, defendant submitted voluntarily to the breath test. The court determined that the evidence was not obtained as a result of police misconduct, and therefore concluded that the exclusionary rule did not apply.

Upon trial before a different judge, the court made findings and conclusions of law determining that defendant was guilty as charged of driving while under the influence as prohibited by 23 V.S.A. § 1201. The conviction was based entirely on the testimony of a police officer on the scene that defendant was in an intoxicated condition.

There then appears in the record a motion for a new trial referencing some agreement between the State and defendant "concerning the preservation of certain rights for appeal." Apparently as a result of this motion, the court then filed amended findings. These amended findings consisted of two additions to the original findings and conclusions of law. The first simply found that defendant had a blood alcohol content of 0.14%. The second was a conclusion of law stating simply: "The Court chooses to make the permissive presumption allowed by 23 V.S.A. § 1204(a)(3) [that defendant's blood alcohol content indicated he was under the influence of intoxicating liquor]." The judgment of guilty was again entered.

Defendant appeals his conviction solely on the basis of the admission of the results of his breath test. However, the trial court also based its conclusion that defendant was guilty of DUI on the observations of a police officer who had been at the scene of the accident that defendant was under the influence of alcohol. In fact, in its initial findings and conclusions of law, the court did not take the breath test into account at all.

Whether defendant's breath test should have been suppressed became irrelevant once the trial court convicted him on the alternative ground that he was observed to have "clinical symptoms" of intoxication. Intoxication can be proved entirely by testimony of observance without blood alcohol content being relied on. See 23 V.S.A. § 1201(a)(2); *State* v. *Debanville*, 142 Vt. 512, 516, 457

A.2d 650, 652 (1983); *State* v. *Veilleux*, 140 Vt. 517, 520-21, 439 A.2d 277, 279 (1981). The breath test was not really at issue at the trial itself because the court concluded that the police officer's opinion testimony that defendant was intoxicated was "sufficient to convince [the court] that the Defendant [was] guilty beyond a reasonable doubt." We conclude therefore that defendant suffered no prejudice by the admission of the breath test. See *State* v. *Ryan*, 135 Vt. 491, 495, 380 A.2d 525, 527 (1977); *State* v. *Rebideau*, 132 Vt. 445, 449, 321 A.2d 58, 61 (1974). The error, if any, was harmless under the circumstances. See *State* v. *Morrill*, 127 Vt. 506, 514, 253 A.2d 142, 147 (1969) (defendant must demonstrate harm or prejudice in order to produce a reversal).

*Affirmed.*

Appellant's motion for reargument pointed out certain factual inaccuracies in the Court's opinion, which was issued on May 8, 1987. In response to appellant's motion to reargue, we have recalled the opinion and revised it in order to correct the factual inaccuracies. The revision, however, does not change the result previously reached. Appellant's motion for reargument, therefore, is denied. See *Mancini* v. *Mancini*, 143 Vt. 235, 240, 465 A.2d 272, 275 (1983).