## STATE ·v. ARTHUR CARROLL.

### January Term, 1895.

*Rape.   Complaint of prosecutrix.*

In a prosecution for rape, or an attempt to commit rape, the state may show that the prosecutrix made complaint, and the name of the person whom she charged as her assailant, but not the details of her statement.

Indictment for an assault with intent to commit rape. Plea, not guilty. Trial by jury at the December term, 1894, Lamoille county, START, J., presiding. Verdict, guilty. The respondent excepts.

The indictment was for a criminal assault upon a female ·child four and one-half years old. She was not permitted to testify, for the reason that she did not understand the nature of an oath. The testimony of the prosecution tended ·to show that the assault was committed in a barn. The mother of the child was allowed to testify that her daughter made complaint to her at the time, and, under exception, to :state where she said the respondent first touched her outside the barn, and where he made the attempt inside the barn.

*B. A. Hunt* for the respondent.

·  The details of the complaint of the prosecutrix cannot be shown. *State* v. *Niles*, 47 Vt. 82; *State* v. *Bedard*, 65 Vt. 278; *State* v. *Mitchell*, 68 Iowa 116; *State* v. *Clark*, 69 Iowa 294; *McGee* v. *State*, 21 Texas App. 670;

*Churchill* v. *Smith*, 16 Vt. 560 ; *Law* v. *Fairfield*, 46 Vt. 425.

*R. W. Hurlburt*, State's Attorney, for the state.

Evidence of the complaint was admissible. 1 Rosc. Crim. Ev., 8th Am. Ed., 41 ; *Lambert* v. *People*, 29 Mich. 71 ; *People* v. *Gage*, 28 N. W. Rep. 835 ; *McMurrin* v. *Regby*, 45 N. W. Rep. 877 ; *State* v. *Byrne*, 47 Conn. 465 ; *State* v. *Jones*, 64 Iowa 353.

TAFT, J.  I.  It was held in *State* v. *Niles*, 47 Vt. 82, that it is competent to prove that the person upon whom a rape is alleged to have been committed made a complaint, and that an individual, the complainant naming him, was charged by her with its commission. The rule is the same in a prosecution for an attempt. In some jurisdictions the details of the complaint may be given, but in this state the prosecution has never been permitted to go further than to prove that the person complained that an assault had been made, and that a certain person made it. We are not inclined to extend the rule. It was a departure from it, and therefore error, when the witness was allowed to state any of the details of the complaint, such as the exact location of the alleged assault, that it was committed upon a pile of corn stalks, and in a certain corner of the barn.

II.  As we are not fully agreed upon the question raised by the exception to the charge, and as the same question will not necessarily arise upon another trial, we do not consider it.

*The first exception is sustained. Judgment reversed, verdict set aside, and cause remanded for a new trial.*