### State of Vermont v. Donald Machunsky

[274 A.2d 513]

No. 71-69

Present: Holden, C.J., Barney, Smith and Keyser, JJ. and Hill, Supr. J.

Opinion Filed February 2, 1971

*James M. Jeffords,* Attorney General, and *William T. Keefe,* Assistant Attorney General, for the State.

*David B. Smith, Jr.,* Burlington, for Defendant.

**Smith, J.** The defendant was convicted of rape (a violation of 13 V.S.A. § 3201) as a result of trial by jury in Vermont District Court, Chittenden Circuit, Unit No. 2, on March 20, 1969. On his appeal to this Court he has presented two questions for our determination.

> "Should a conviction of rape be allowed to stand where there is no evidence independent of the prosecutrix's testimony that intercourse, an essential element of the crime of rape, did occur?
>
> Where evidence of intercourse can be provided by the testimony of an examining physician, should a conviction be allowed to stand where the prosecution does not introduce such evidence?"

The defendant, Donald Machunsky, met the prosecutrix for the first time at about 8 P.M. on August 14, 1969. He had come from Fitchburg, Massachusetts, and was seeking to find an acquaintance, one Vincent Rizzi, who lived in the same apartment building as the prosecutrix, but on the floor below her apartment. The defendant inquired of the prosecutrix if she knew where Rizzi was, to which she replied that he must be nearby. She allowed the defendant to accompany her in an automobile while she visited a sick friend, and they then returned to the apartment house. She then allowed the defendant to wait in her apartment for the return of Rizzi, during which time she offered him a beer. At about 11 P.M. Rizzi returned to his apartment, where the defendant met him. The prosecutrix returned to her own apartment.

The testimony of the prosecutrix was that at about 1:30 A.M. in the morning, some hours after she had retired for the night, the defendant gained entry to her apartment by claiming that he was Rizzi. Once inside the apartment, according to the testimony of the prosecutrix, the defendant threatened to slash her with a razor blade that he held in his hand if she did not disrobe and have intercourse with him. Her evidence was that under such threat the defendant proceeded to have intercourse twice with her during the remainder of the night, leaving her apartment around 6 A.M. in the morning.

There is no dispute that in the morning the prosecutrix informed Mr. Rizzi that the defendant had spent the night with her, threatening her with the razor blade, and that she then made an immediate complaint to the Burlington Police Department of a rape. She also proceeded to have a physical examination made of her body by two physicians. A razor blade was found by police officers beneath an ashtray on a table beside the bed of the prosecutrix.

Also undisputed is that the defendant left Burlington on the same morning, stopping in various places until he reached California, and leaving some suitcases in the Railroad Express office which he never reclaimed. While in California, he heard, through relatives, that a complaint was pending against him in Burlington, but then went to Florida, in which state he was arrested and waiving extradition, returned to Vermont.

The defendant admits in his brief that there is no statute in Vermont that requires the prosecutrix's allegation of both the identity of the accused and the fact of penetration by force to be corroborated. He cites to us, however, both statutes and decisions from other jurisdictions which are to the effect that no conviction can be had for rape or defilement upon the testimony of the female defiled, unsupported by other evidence. N.Y. Penal Law § 2013 (McKinney 1944).

But in jurisdictions having statutes requiring corroboration of the testimony of the prosecutrix by testimony other than her own, such testimony only must meet the requirements that it fairly tend "to prove that the crime was committed and connecting the accused therewith; but the corroborating evidence need not include testimony of an eye witness of the act itself, or extend to everything said or done, and the corrobora-

tion may be by circumstantial evidence." 75 C.J.S. *Rape* § 78(2), at 565.

While, as we have already noted, Vermont does not have such a statute, and so would ordinarily come under the common law rule that the unsupported testimony of the prosecutrix, if not contradicted or incredible, or inherently improbable, may be sufficient to sustain a conviction of rape; in *State* v. *Bedard*, 65 Vt. 278, 282, 26 A. 719 (1892), the Court did say that the prosecutrix stands in need of corroboration irrespective of the defense.

■ ■ Such corroboration has been held to be supplied by testimony of the mental and physical condition of the prosecutrix immediately following the rape; that the prosecutrix made a complaint at the first opportunity, and by the flight of the accused to avoid prosecution. *State* v. *Bedard, supra*, 65 Vt. at 283; *State* v. *Carroll*, 67 Vt. 477, 32 A. 235 (1895); *State* v. *Rash*, 27 S.D. 185, 130 N.W. 91 (1911); 44 Am.Jur. *Rape* § 77. And, as was stated in *State* v. *Ovitt*, 126 Vt. 320, 326–27, 229 A.2d 237 (1967), the weight of the complainant's testimony and her credibility were factors for the jury to determine in a prosecution for rape.

In the instant case, we have undisputed testimony by both Rizzi and the police officers that the prosecutrix was disturbed, "upset", "shaken" and "nervous". Her testimony was also that the act committed on her body "hurt" her. The evidence is that she made an immediate complaint to the police relative to the alleged rape. Also, is the admitted fact that the defendant left the Burlington vicinity after the incident complained of, was in California when he first knew that a complaint had been made regarding him, and from there went to Florida, where he was apprehended.

But the most damaging testimony in corroboration of the alleged rape of the prosecutrix came from the defendant himself. He took the stand as a witness in his own defense and admitted that he spent the night in question in the room of the defendant. In response to the question "Did sex become involved somewhere along the evening" his response was "yes". In cross-examination, he was asked "yet she invited you up to her apartment and engaged in such relations with you". The answer to this question was "yes". It can hardly be

doubted, considering the nature of the case being tried against him, that the "relations" to which the defendant admitted having had with the prosecutrix were relations of a sexual nature.

The defendant seeks to have us hold that it was necessary for the testimony of the prosecutrix relative to "penetration" be corroborated, and that this was a fatal lack in the case of the prosecution. Penetration is necessary, according to all authorities, to prove the crime of rape, and such fact must be proven beyond a reasonable doubt. But the prosecutrix testified that such penetration did occur, further, the defendant testified that he had had relations with the prosecutrix, and that she told him she was afraid of becoming pregnant. We do not hold that corroboration of the testimony of a prosecutrix, as to penetration of her sexual organ by that of the male, is essential to the corroboration of her testimony relative to being raped, provided that the general testimony of the prosecutrix is corroborated by the testimony of others. But, if such corroboration of penetration was required, the testimony of the defendant was corroborative of that of the plaintiff in this regard.

As the defendant asserts, the testimony of the prosecutrix was that she was examined by two physicians soon after the incident complained of, and the state did not call these doctors as witnesses in the case. However, it was a matter of judgment on the part of the state to call whatever witnesses they deemed necessary to attempt to prove the guilt of the defendant, and it might be added that the defendant could have called the physicians as witnesses, if he so desired.

*Judgment affirmed.*