### In re Frederick D. Lankow

[346 A.2d 216]

No. 94-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed October 7, 1975

*Langrock and Sperry,* Middlebury, for Petitioner.

*Raymond G. Bolton,* Bennington County State's Attorney, Bennington, for State.

**Billings, J.** The defendant entered a plea of guilty in the District Court of Vermont, Unit No. 1, Bennington Circuit, to a total of seven charges of issuing false tokens, 13 V.S.A. § 2002. The defendant was thereupon sentenced to seven concurrent terms of not less than four years nor more than seven years, and on August 5, 1974, was committed to the custody of the Commissioner of Corrections. Subsequent thereto, the defendant moved to vacate and reduce sentence, which was denied. On January 13, 1975, the defendant filed a petition for post-conviction relief with the Bennington Superior Court pursuant to 13 V.S.A. § 7131, et seq., on the ground that he was denied equal protection of the law. The trial court dismissed the petition for review, and the defendant now appeals, contending that the sentences were based on his indigency since, at the time the motion to vacate and reduce sentence was heard, the trial judge stated that if he could then make restitution the motion would be entertained.

There is no claim of error in the sentencing on August 5, 1974. The sentences were within the permissible limits of 13 V.S.A. § 2002. A trial court must establish a maximum sentence, and it may establish a minimum term for which a respondent may be held in imprisonment. 13 V.S.A. § 7031(a). When a sentence is within the limits set by the statute, a reviewing court is barred except in the most exceptional circumstances from any inquiry it might otherwise be inclined to make. *In re Morrill,* 129 Vt. 460, 282 A.2d 811 (1971).

Once sentence has been commenced and is in execution, the trial court has no power to modify unless the sentence was invalid or improperly imposed. As Mr. Justice Larrow stated in *State* v. *Harbaugh,* 132 Vt. 569, 326 A.2d 821 (1974):

> That the sentencing court, or some successor, may come to the conclusion that the sentence was "inappropriate" is not enough. Nor does such a conclusion justify reduction under post-conviction relief provisions of the statute. We have no legislative provision for review of sen-

tences generally for hindsight or inappropriateness. And to attempt to imply one as part of a court's general powers runs expressly contrary to statute, to case law, and renders practically nugatory all statutory provisions relating to parole and conditional pardon. The sentencing court is not a parole board; it does not retain perpetual jurisdiction of cases brought before it. Absent invalidity or clerical error, it cannot alter imposed sentences as a matter of discretion, or set them aside in the absence of grounds for new trial.

*Id.* at 579–80.

The defendant claims that the trial judge on the hearing to vacate and reduce sentence commented that it would consider shortening the sentence if the defendant could make restitution of debts owed at that time; and defendant contends that this violated his constitutional rights in that he received a severer penalty due to his indigency. The defendant places great stress on *Williams* v. *Illinois,* 399 U.S. 235 (1970) and *Tate* v. *Short,* 401 U.S. 395 (1971). However, both cases are distinguishable from the case at bar, since they specifically deal with the situations where the respondent is incarcerated for a period of time in excess of the maximum penalty for the crime that he was convicted of due to indigency, *Williams* v. *Illinois, supra,* and where a fine is converted into a jail sentence solely because respondent is indigent and unable to pay it. *Tate* v. *Short, supra.* We find no evidence in the record that the indigency of the defendant was known to the trial judge or was alluded to at the time that the original sentencing hearing was held and sentence imposed.

The defendant, on the day of argument in this Court, filed a motion for modification of the record pursuant to V.R.A.P. 10(e), in effect claiming that extraneous events to this proceeding relative to his then counsel, who was the subject of an inquest regarding alleged violations of the law, may have affected the result herein. The motion was denied by this Court, but suffice to say that the matters therein were irrelevant and not of record, and the result arrived at here would

not have been affected even if such material were properly before us.

*Judgment affirmed.*