### State of Vermont v. Dana Eric Eaton

[356 A.2d 504]

No. 50-74

Present: Barney, C.J., Smith, Daley and Larrow, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed April 6, 1976

*Raymond G. Bolton,* Bennington County State's Attorney, Bennington, for the State.

*Robert Edward West,* Defender General, and *Robert M. Paolini,* Deputy Defender General, Montpelier, for Defendant.

Daley, J. The defendant was charged with the crime of rape, 13 V.S.A. § 3201. In a trial by jury during which he testified in his own behalf, made no motions for acquittal and took no objections to the court's instructions to the jury, a verdict of guilty was returned. Following the verdict, the defendant moved to set it aside and for a new trial, alleging that the verdict was unsupported by the evidence and against the weight of the evidence. From the denial of his motion, he appeals to this Court.

Although not specifically stated, the motion denied by the trial court was in effect a combination of a motion for judgment of acquittal, V.R.Cr.P. 29, and a motion for new trial, V.R.Cr.P. 33. The attack upon the sufficiency of the evidence and its weight is confined to the element of penetration, which he says could not have been found beyond a reasonable doubt due to his contradictory testimony, certain pretrial statements made by the victim, and the testimony of the examining physician.

■ ■ The test for granting the motion for judgment of acquittal, V.R.Cr.P. 29, remains as under prior law whether, taking the evidence in the light most favorable to the State and excluding modifying evidence, the State has introduced evidence fairly and reasonably tending to show the defendant guilty beyond a reasonable doubt. See *State* v. *Guppy,* 129 Vt. 591, 285 A.2d 717 (1971) ; cf. Wright, Federal Practice and Procedure: Criminal § 467 (1969). The defendant's motion for a new trial under Rule 33 is directed to the trial court's discretion and in the absence of an abuse of discretion is not revisable. *State* v. *Pierce,* 103 Vt. 383, 154 A. 675 (1931) ; *State* v. *Blair,* 118 Vt. 81, 99 A.2d 677 (1953); see also Reporter's Notes to V.R.Cr.P. 33.

The evidence introduced by the State fairly tended to show the following facts. The defendant came to the home of the victim's parents during the evening when they were absent, but at a time when two of her younger brothers were present. He took her into a bedroom, disrobed her, and according to her testimony, forced his penis into her vagina. During the time the defendant and the victim were in the bedroom, she cried and screamed for her brothers to call the police. When the couple emerged from the bedroom some minutes later, the defendant took her outside of the building into some bushes. While there, the defendant placed her upon the ground and again forced his penis into her vagina. She testified that these acts on both occasions hurt her.

When the police arrived, they were told by one of the younger brothers that the defendant had raped his sister. One of the officers heard a scream, went toward the bushes and saw the defendant pulling up his pants. As the officer went toward the location, the defendant began to run away; the policeman gave chase and apprehended him. At the time of his apprehension, the defendant stated, "You will have to prove I raped her".

The defendant did not deny taking off the victim's clothes in the bedroom or taking off her panties and his own pants in the bushes. He also did not deny the occurrence of sexual intimacies with the victim, but denied having sexual intercourse. One of the police officers testified that when he found the victim in the bushes, she seemed unconscious. She was a seventeen-year-old girl, deaf in one ear, epileptic, and somewhat mentally retarded. The defendant was a twenty-three year old man.

As this Court stated in *State* v. *Machunsky*, 129 Vt. 195, 199, 274 A.2d 513 (1971):

> Penetration is necessary, according to all authorities, to prove the crime of rape, and such fact must be proven beyond a reasonable doubt . . . . We do not hold that corroboration of the testimony of a prosecutrix, as to penetration of her sexual organ by that of the male, is essential . . . provided that the general testimony of the prosecutrix is corroborated by the testimony of others.

Such corroboration has been held to be supplied by the testimony of the mental and physical condition of the prosecutrix immediately following the rape, that the prosecutrix made a complaint at the first opportunity, and the flight of the accused to avoid prosecution. *State* v. *Machunsky, supra,* 129 Vt. at 198. The State's evidence supports each of these elements. The weight of the complainant's testimony and her credibility were factors for the jury to determine. *State* v. *Ovitt,* 126 Vt. 320, 299 A.2d 237 (1967).

■ The defendant points to the fact that the victim in her first written statement given to the police on the night in question made no assertion of penetration and in a later statement employed the words, "he forced his penis into my vagina" as being inconsistent and lightening the weight to be given her testimony. The surrounding circumstances of these statements were before the jury and for their consideration and will not be repeated here. We cannot say that the victim's testimony of penetration was so contradictory, or inherently improbable or incredible as to be unworthy of belief, and it was sufficient to establish that element beyond a reasonable doubt.

In support of his claim that the verdict is contrary to the weight of the evidence, the defendant relies upon the testimony of the examining physician to whom the girl was taken about one hour after her discovery by the police in the bushes. The doctor testified that he found a good deal of blood around the external vaginal opening and the labia, consistent with a sexual assault. When asked about penetration, he replied that he could not ascertain any evidence of penetration. He further stated, "It is not impossible, but I could find no evidence of such." Again, when asked whether or not he made or was able to arrive at any opinion with regard to whether or not the victim had ever had penetration of the vagina, he replied, "It would be impossible to tell whether she had or not. I extremely doubt it." The doctor also testified that if she had been penetrated it would hurt badly.

The credibility of this testimony and the weight to be given to it, like the testimony of any other witness, was for the jury's determination. It was for the jury to decide, as the sole judges of the weight of the evidence, whether this testimony,

taken together with any inconsistent statement made by the victim and the denial of sexual intercourse by the defendant, was sufficient to raise a reasonable doubt of the defendant's guilt in their minds. The verdict of guilty was the jury's evaluation of the impact upon its judgment of the sufficiency of the evidence.

The exercise of discretion in passing on the weight of the evidence is for the trial court alone, and we have no discretionary power in the matter. See *State* v. *Blair, supra.*

Moreover, the question raised in this appeal was submitted to the jury as one of fact without objection, and the jury resolved it. Under the evidence present in this cause, it cannot be said that there was no evidence fairly and reasonably tending to show the defendant's guilt or that the jury, upon consideration of it, was not warranted in finding him guilty beyond a reasonable doubt. There being evidence tending to justify the verdict it was for the jury to construe it and determine its weight. *State* v. *Pierce, supra.*

The trial court did not err as a matter of law in denying the defendant's motion for judgment of acquittal under V.R.Cr.P. 29; the court's denial of the motion for new trial, V.R.Cr.P. 33, not having been shown to have been exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable, will be sustained.

*Judgment affirmed.*