### State of Vermont v. Daniel Moquin

[411 A.2d 1355]

No. 163-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed February 5, 1980

*M. Jerome Diamond*, Attorney General, *Susan R. Harritt*, Assistant Attorney General, and *Frank F. Berk*, Law Clerk (On the Brief), Montpelier, for Plaintiff.

*William W. Pearson* of *Downs, Rachlin & Martin*, St. Johnsbury, for Defendant.

Larrow, J. The facts in this case are relatively simple. Appellant was summoned as a witness in a criminal case, but refused to be sworn or to testify, stating that he was not a "snitch" or a "rat." Given full immunity and an attorney, he persisted in this attitude. Thereupon, the trial judge summarily found him in contempt, and issued written findings and an order. Appellant greeted the announcement of the court's decision with a violent outburst and profanity in open court. The court's sentence, admittedly the sole basis for this appeal, read:

> THAT Daniel Moquin is hereby held in contempt of Court and is sentenced to not less than four (4) nor more than six (6) months in the custody of the Commissioner of Corrections. The sentence is to run consecutively to the present sentence that he is now serving, and it is further the recommendation of this Court that he not be paroled or furloughed until the entire completion of all sentences.

When the appellant refused to purge himself of contempt within the time allotted by the court, a mittimus issued, signed by the trial judge, incorporating the quoted language, except that the "recommendation" was changed to a "strong recommendation."

The parties here substantially agree on the case law relevant to the right to a jury trial for contempt committed in the court's presence. If we were dealing only with a sentence of four to six months, without the "strong recommendation," the guidelines of *Bloom* v. *Illinois,* 391 U.S. 194 (1968), and *Cheff* v. *Schnackenberg,* 384 U.S. 373 (1966), would certainly apply, and would justify the sentence imposed. *State* v. *Dragon,* 131 Vt. 500, 503, 310 A.2d 24, 26 (1973). The sentence, standing alone, would classify the case as a petty offense not requiring trial by jury. And where, as in Vermont, the statute prescribes no maximum penalty, the penalty actually imposed is the best evidence of the seriousness of the offense. *Bloom* v. *Illinois, supra,* 391 U.S. at 211.

Appellant argues, however, that the practical effect of the "strong recommendation" is to expose him to a *possible* penalty exceeding six months, by increasing the time served under his prior sentence. He argues that we should either re-

verse the conviction or strike the recommendation as to the existing sentence. We disagree, and affirm.

The argument as made cites no direct authority, but appears to be based upon a single sentence in *Baldwin* v. *New York*, 399 U.S. 66, 73–74 (1970), speaking about a right to jury trial where the possible penalty exceeds six months imprisonment. *Baldwin*, however, is not on point here because the sentence there imposed by the trial court in the first instance was twelve months.

 It may well be, as appellant argues, that the personal intent of the trial judge was to give appellant the maximum imprisonment that could be accomplished within the constitutional requirements for jury trial. We defer to the lower courts, however, in the sentencing area, and will not review a sentence within the statutory limits absent exceptional circumstances. *In re Lankow*, 134 Vt. 12, 13, 346 A.2d 216, 217 (1975). The intent is not the important factor, but the actual result is. Moreover, since the recommendation is admittedly nonbinding, such actual result does not appear.

The Parole Board and the Commissioner of Corrections are not bound by, and may accept or reject, the recommendation. *In re Trivento*, 131 Vt. 610, 614, 312 A.2d 910, 913–14 (1973). The Parole Board makes the decisions in the area in question. 28 V.S.A. § 451. Except for the statutory review now provided by 13 V.S.A. § 7042, once execution has begun a trial court has no jurisdiction to modify a sentence not improperly or invalidly imposed. *State* v. *Harbaugh*, 132 Vt. 569, 579–80, 326 A.2d 821, 827–28 (1974).

Moreover, whether on parole or actually imprisoned (and impliedly, whether or not on furlough), a person in execution is serving his sentence, the manners of service being in the alternative. *Miner* v. *Chater*, 137 Vt. 330, 334, 403 A.2d 274, 277 (1979); 28 V.S.A. § 808(c). A denial of parole, therefore, as recommended, would not affect the length of the appellant's original sentence, but only the manner in which it was served. The recommendation at most is a factor that might be considered in review of appellant's overall behavior. We note judicially that such recommendations are frequently sought from trial judges in connection with parole determinations.

■ ■ We are well aware that flagrant contempt, committed in open court, "often strikes at the most vulnerable and human qualities of a judge's temperament." See *Bloom* v. *Illinois, supra,* 391 U.S. at 202. But we cannot require complete equanimity under all circumstances, or give credence to a claim by appellant that his conduct unduly inflamed the trial court, when that was the precise effect intended. Additionally, we must assume that all authorities involved, particularly after this opinion, will be aware of the purely advisory nature of the recommendation. Perhaps ill-advised, it does not expose the appellant to a sentence greater than six months *for this offense.* His argument has no greater force than had he been on parole at the time of the contempt and had that parole been revoked as a consequence. The cited authorities support the general proposition that the constitutional test, absent a statutory maximum, is that of a petty offense, *i.e.,* a sentence of six months or less actually imposed. As *Baldwin* points out, serious repercussions affecting career and reputation may follow from any sentence at all, *Baldwin* v. *New York, supra,* 399 U.S. at 73, but they cannot be taken into account.

We conclude, therefore, that trial by jury was not constitutionally mandated in the instant case, and that, since the recommendation was nonbinding, no need to strike it appears.

*Judgment affirmed.*