## State of Vermont v. Frederick L. Dezaine III

[449 A.2d 913]

No. 188-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed June 8, 1982

Motion for Reargument Denied July 15, 1982

*Michael J. Sheehan,* Windsor County State's Attorney, White River Junction, for Plaintiff-Appellee.

*William E. Dakin, Jr.,* Chester, for Defendant-Appellant.

**Barney, C.J.** The defendant appeals his convictions of possession and transportation of a deer out of season, as well as the trial court's denial of his motion for new trial. Both questions turn on the identification of the defendant. He is alleged to have been the companion of a driver who was stopped and apprehended for committing the same offenses.

On November 4, 1980, after dark, a Vermont fish and game warden witnessed a car with two individuals in it approach the fresh carcass of a deer. The car stopped, the driver and a companion got out and loaded the carcass into the car, and then drove off. The warden followed in his cruiser and stopped the car a short distance down the road. He then approached the driver's side of the car and requested identification from

the driver, during the course of which he also had an opportunity to identify the passenger as the defendant, a man he had known for twelve years. At the warden's request the driver accompanied him back to the cruiser. As the warden and the driver sat in the cruiser the passenger got out of the car, and when the warden called to him by name he ran off into the woods.

Later the same day the defendant telephoned the warden and stated that he was being unjustly accused of having been a passenger in a car in which a deer carcass was found. He claimed that he had been at home at the time of the incident, and this claim became his alibi defense at trial. Both his wife and his mother testified in support of his claim, and the driver of the car testified that the defendant had not been his companion, that someone named "Moose," whom he had not seen before or since that time, was the passenger in question.

At the close of the evidence the defendant moved for a judgment of acquittal pursuant to V.R.Cr.P. 29, on the ground that there was insufficient evidence on which a conviction could be sustained. The motion was denied. A jury found the defendant guilty of violating 10 V.S.A. §§ 4781 and 4784. Subsequently he was fined $300 for each offense, and ordered to serve 0–30 days on weekends. The defendant appealed.

On April 16, 1981, the defendant's motion for new trial came before the court. The defendant represented that the elusive "Moose" had been located and identified, and offered to produce him for the court to testify that he, and not the defendant, had been in the car carrying the deer carcass. The defendant claimed that this newly discovered evidence would probably lead to a different result, but the trial court disagreed. The defendant's motion was denied and appeal on this issue as well followed.

■ With regard to the trial court's denial of the defendant's motion for judgment of acquittal, we must review the facts in the light most favorable to the State, excluding any modifying evidence which may have been presented, to determine whether the evidence fairly and reasonably tends to show the defendant guilty beyond a reasonable doubt. *State* v. *Sorrell,* 139 Vt. 648, 649, 432 A.2d 1188, 1189 (1981); *State*

v. *Eaton*, 134 Vt. 205, 206, 356 A.2d 504, 505 (1976). There can be no doubt in this case that it did.

■ The State's chief witness, the game warden who apprehended the pair, testified that he saw the defendant, a man he had known for some years, at close range and fully illuminated by both the headlights on his cruiser on high beam and the flashlight he was holding and pointing in the defendant's direction. Although the defendant offered an alibi defense which the jury could have believed instead, they chose not to, and there was ample credible evidence on which they could have convicted the defendant.

■ Nor was the trial court in error in denying the defendant's motion for a new trial under V.R.Cr.P. 33. Action on such a motion is a matter for the trial court's discretion, and absent a showing that this discretion was abused, it will not be reversed. *State* v. *Eaton, supra,* 134 Vt. at 206, 356 A.2d at 505.

■ To warrant the granting of a new trial on the ground of newly discovered evidence, it must appear that the evidence is such as will probably change the result if a new trial is granted; that it has been discovered since the trial; that it could not have been discovered before the trial by the exercise of due diligence; that it is material to the issue; and that it is not merely cumulative or impeaching. *State* v. *Jackson,* 126 Vt. 250, 252, 227 A.2d 280, 282 (1967). The test is a stringent one, *State* v. *Goshea,* 137 Vt. 69, 73, 398 A.2d 289, 292 (1979), and the trial court in this case had several bases on which to rule that it had not been met.

■ First, there was no showing by the defendant that due diligence had been exercised to discover the evidence. Although the driver of the car at first refused to admit who his companion had been, defense counsel made no effort to depose him under oath on the matter. Secondly, once the driver identified his companion as "Moose" at the trial, the defense attorney could have requested a continuance to locate "Moose" and obtain his testimony, which was not done. Finally, even if the evanescent "Moose" had been produced at trial his testimony would only have been cumulative, as the driver had already testified that "Moose" had been his

companion, and two additional witnesses had supported the defendant's alibi defense. The jury obviously preferred to believe the strong testimony of the warden, and it was no abuse of discretion by the trial court to conclude that their verdict would probably not have changed.

*Judgment affirmed.*