### State of Vermont v. Ronald Unwin

[458 A.2d 1107]

No. 222-81

Present: **Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed March 4, 1983

*Mark J. Keller,* Chittenden County State's Attorney, and *Robert Andres,* Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Andrew B. Crane,* Defender General, and *Nancy E. Kaufman,* Acting Appellate Defender, Montpelier, for Defendant-Appellant.

**Hill, J.** After a jury trial defendant Unwin was convicted of aggravated assault in the January, 1979, stabbing of one Steven Renehan. Renehan was wounded in the last of three early morning street brawls between two groups of men: defendant and his two companions, and Renehan and his two friends. The defendant's theory of the case had been that Renehan was stabbed by someone other than the defendant, and that Renehan did not observe who had dealt the blow. This Court affirmed his conviction. *State* v. *Unwin,* 139 Vt. 186, 424 A.2d 251 (1980), *cert. denied,* 450 U.S. 1033 (1981).

On February 13, 1981, defendant timely filed a motion for new trial, V.R.Cr.P. 33, based on newly discovered evidence. The motion was accompanied by an affidavit of one Joseph Amaral, of Barre, Vermont. The substance of the affidavit was that Bert Hansen, one of defendant's companions on the night of the stabbing, had told Mr. Amaral early in 1979 that it was he who had stabbed Renehan, that he was worried about the consequences, and that he had just recently been released from jail on bail. Several months later, according to the affidavit, Hansen informed Amaral that he had been acquitted of the charges against him.

In a hearing originally set for the purpose of passing on defendant's motion for resentencing, defendant's counsel in-

formed the court that Mr. Amaral would be available for an evidentiary hearing on defendant's recently submitted new trial motion. The court and counsel discussed the motion and attempted to arrange a time for that hearing, and the State suggested that they might seek to depose Mr. Amaral before that time. However, while the court set a date for the submission of memoranda on legal issues preliminary to the new trial motion, and in particular on the admissibility of Mr. Hansen's third party confession, no date was determined for the evidentiary hearing. In fact, some time later the trial court denied the new trial motion on the papers without holding the requested evidentiary hearing. The grounds given were that the proffered testimony would probably not change the result in a new trial. *State* v. *Dezaine*, 141 Vt. 335, 338, 449 A.2d 913, 914 (1982).

The defendant has appealed the denial of his new trial motion, arguing *inter alia* that the trial court's summary denial of the motion, without holding an evidentiary hearing, was error requiring reversal and remand. We agree.

While this Court has not had occasion to rule on the propriety of holding a hearing on new trial motions based on newly discovered evidence, brought pursuant to V.R.Cr.P. 33, we have had the opportunity to so rule in civil cases. In that regard we have held that such new trial motions under V.R.C.P. 59 should be heard, unless the motion fails to state with particularity the grounds relied upon, or is patently frivolous or totally lacking in merit. *West* v. *West*, 139 Vt. 334, 335, 428 A.2d 1116, 1117 (1981) (citing *Gardner* v. *Town of Ludlow*, 135 Vt. 87, 92, 369 A.2d 1382, 1385 (1977)); see also *Jensen* v. *Jensen*, 139 Vt. 551, 554, 433 A.2d 258, 260 (1981); *Kalakowski* v. *Town of Clarendon*, 139 Vt. 519, 526–27, 431 A.2d 478, 482 (1981).

 Certainly the interests protected by holding an evidentiary hearing—insuring the most informed decision by the trial court through the safeguards of direct and cross-examination, and guaranteeing a fully developed record on appeal—are even more important in the context of a criminal case.

> The testimony taken upon a hearing, with the added safeguards of examination and cross-examination of the witnesses, . . . as well as the elaboration of [the witnesses'] testimony . . . and [their] personal demeanor

and appearance, may show more clearly whether there is or is not credible evidence discovered since the trial which should call for the granting of the appellant's motion for new trial.

. . . .

. . . Under all of the facts and circumstances of the case, including the requests of the parties, we think that the [lower] court certainly, and perhaps this Court also, will be in better position to exercise its functions if the evidence is fully developed upon a hearing.

*Lyles* v. *United States*, 272 F.2d 910, 912–13 (5th Cir. 1959), *cited with approval in United States* v. *Mitchell*, 602 F.2d 636, 639 (4th Cir. 1979). Indeed, an evidentiary hearing is especially appropriate when, as here, the newly discovered evidence consists of what may be a credible third party confession. *United States* v. *Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977); *Casias* v. *United States*, 337 F.2d 354, 356 (10th Cir. 1964); *United States* v. *Provenzano*, 521 F. Supp. 403, 408 (D.N.J. 1981); 3 Wright, Federal Practice & Procedure: Criminal 2d § 557, at 334 (1982); see also *United States* v. *Mitchell*, *supra*.

■ We therefore hold that, when requested, an evidentiary hearing should be granted on a V.R.Cr.P. 33 motion for new trial based on newly discovered evidence, if the grounds relied upon are stated with particularity, and the motion is neither frivolous nor totally lacking in merit. As defendant's motion meets this standard, we must reverse the trial court's denial of the motion and remand the matter for an evidentiary hearing.

*Reversed and remanded.*