# State of Vermont v. Homer R. Richards

[470 A.2d 1187]

No. 82-145

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed December 27, 1983

*John J. Easton, Jr.*, Attorney General, and *Susan R. Harritt*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Nicholas L. Hadden* of *John Kissane Associates*, St. Albans, for Defendant-Appellant.

**Underwood, J.** Defendant appeals his convictions for driving under the influence (DUI), 23 V.S.A. § 1201(a)(2), and disorderly conduct, 13 V.S.A. § 1026(1). He was convicted of both charges following a jury trial in the Chittenden District Court, Unit No. 2. We affirm both convictions.

On the night of October 6, 1981, an off-duty police officer observed defendant operating an automobile in an erratic manner. The officer initially observed the vehicle while it was stopped at a stop sign and then proceeded to follow the vehicle. The car swerved over the centerline repeatedly and on at least one occasion went completely left of the centerline. The officer was able to make detailed observations of the driver and two passengers.

The officer went to alert on-duty police officers and then aided them in locating the car and driver. They relocated the car parked at a market on Route 7 in Milton, where the off-duty officer observed the same driver seated behind the steering wheel. The officer subsequently identified the defendant as being the driver he had observed earlier.

Since the defendant displayed the common outward signs of intoxication, an on-duty officer asked the defendant to get out of the car. Defendant did so, but insisted on entering the market against the officers' efforts to detain him. Defendant resisted the police, a struggle ensued, and the efforts of several officers were required to subdue him. Both the defendant and some of the officers received minor injuries in the fracas. These events formed the basis of the disorderly conduct charge.

Later, at the police station, defendant was processed for DUI and consented to a breath test, which revealed a 0.10 per cent blood alcohol content. Thereafter, a major issue at trial was the identity of the driver: defendant maintained that the automobile's owner and driver was inside the store at the time of the scuffle and that defendant was trying to go in to fetch him. The off-duty officer testified that he could positively identify the defendant as the driver.

Defendant advances three grounds for reversal on this appeal: (1) that the trial court erred in denying defendant's motion to sever the offenses; (2) that the trial court erred in denying defendant's request to present evidence on surrebuttal; and (3) that a new trial should have been granted. We address defendant's arguments in order.

█ Defendant's motion to sever is governed by V.R.Cr.P. 14(b)(1)(B)(i), not V.R.Cr.P. 14(b)(1)(A), as he maintains. The latter subsection, which covers a limited situation

not applicable here, creates a right to severance, whereas subsection (B) is discretionary with the trial court. In *State* v. *Beshaw,* 136 Vt. 311, 388 A.2d 381 (1978), we considered V.R.Cr.P. 14(b). We observed that "[n]othing in the record demonstrates any unfair prejudice resulting from the denial of severance. . . . [T]he defendant presented no substantive support to the trial court in support of his application for severance . . . ." *Id.* at 314, 388 A.2d at 382–83. This indicates a burden on the defendant to present the trial court with substantial evidence of prejudice to support his V.R.Cr.P. 14(b)(1)(B) motion to sever. This was not done below.

The record reveals merely a one-sentence motion to sever accompanied by no memorandum at all. At oral argument on the motion, just before trial, defendant's attorney merely stated: "[W]hile it may be that he wishes to testify in one and not in the other, to put them together I think infringes on his Fifth Amendment rights to remain silent." This falls far short of the "substantive support" required in *Beshaw.*

■■■ As previously stated, motions to sever under V.R.Cr.P. 14(b)(1)(B) are within the trial court's discretion. "[T]he issue is whether severance will, in *the judgment of the trial court,* promote a fair determination of the defendant's guilt or innocence of each offense." *Beshaw, supra,* 136 Vt. at 313, 388 A.2d at 382 (emphasis added). We find no abuse of that discretion in this case.

■■■ Defendant next contends that the trial court erred by refusing to allow the defendant to present evidence on surrebuttal, after a State witness had testified so as to impeach a defense witness. In matters of trial conduct and evidentiary rulings the trial court has wide discretion. *State* v. *Settle,* 141 Vt. 58, 63, 442 A.2d 1314, 1316 (1982) ("Control of cross and redirect examination lies within the sound discretion of the trial court.") ; *Childrens' Home, Inc.* v. *State Highway Board,* 125 Vt. 93, 98, 211 A.2d 257, 261 (1965) (trial court may control order of proof and limits of cross-examination) ; *Verchereau* v. *Jameson,* 122 Vt. 189, 193–94, 167 A.2d 521, 525 (1961) (court has discretion over admission of rebuttal testimony). Defendant relies on *Kent* v. *Town of Lincoln,* 32 Vt. 591 (1860), for the proposition that the

trial court had no discretion to refuse to hear testimony from the proffered witness. *Kent*, however, addressed a situation in which "a new and distinct fact," *id*. at 599, had surfaced. Nothing of the kind occurred in the instant case; the State called a police officer in rebuttal to testify to conversations he had had with one of defendant's witnesses. During defendant's case, this witness had testified contrary to the officer's recollection. Thus, the officer was called to impeach a defense witness. The defense did not cross-examine the officer but attempted to recall the defendant's witness himself for further testimony. Under these circumstances, and the lack of any offer of new evidence by the defendant, the trial court exercised sound discretion and denied the proffered surrebuttal. Cf. *Verchereau v. Jameson, supra,* 122 Vt. at 194–95, 167 A.2d at 525. Such evidence would have been merely cumulative.

While these events do not come under the rule in *Kent, supra,* other jurisdictions have considered similar circumstances. The Supreme Court of Rhode Island, facing a similar situation, observed: "This court has already held that a witness may not be recalled to reiterate his position when his testimony is denied by a rebuttal witness. . . . [T]he decision to admit or exclude cumulative evidence must be left to the sound discretion of the trial justice." *State v. Byrnes,* — R.I. —, —, 433 A.2d 658, 669 (1981) (citations omitted) ; accord, *Ross v. Danter Associates, Inc.,* 102 Ill. App. 2d 354, 367–68, 242 N.E.2d 330, 336–37 (1968) (surrebuttal may not be used to present evidence which is merely cumulative). It is incumbent upon the party offering surrebuttal testimony to indicate that new evidence is being offered. See *State v. Doe,* 99 N.M. 456, 459, 659 P.2d 908, 911 (1983) (offer of proof insufficient to overcome cumulative aspects of surrebuttal testimony). In the instant case there was no offer of new evidence. Therefore, the trial court was within its discretion in refusing defendant's surrebuttal testimony.

Defendant's final argument on appeal is that the trial court erred in denying his motion for a new trial, which he argues should have been granted based on newly discovered evidence. V.R.Cr.P. 33. This Court will not readily overturn

the trial court's denial of a motion for a new trial. A new trial will not be ordered merely because new evidence is discovered; the new evidence must be such that it will "probably change the result if a new trial is granted." *State* v. *Poirier,* 142 Vt. 595, 600, 458 A.2d 1109, 1112 (1983). The full test defendant must meet to be entitled to a new trial requires:

> (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; [and] (5) that it is not merely cumulative or impeaching.

*Id.* (quoting *State* v. *Jackson,* 126 Vt. 250, 252, 227 A.2d 280, 282 (1967)).

The contested evidence in this case is a record of a telephone call made from the police station on the night defendant was arrested. At trial, defendant asserted that he had called someone other than the owner of the car, and the State argued that defendant called the owner of the car. Defendant contended at trial that the owner was the operator on the evening in question and therefore could not have been home to receive the call; accordingly, defendant argues, the record of a phone call to a third person would corroborate his contention that the owner was the operator and would negate the State's argument that he called the owner.

During trial, the defense claimed surprise when a State witness testified, in effect, that the defendant had called the owner and allegedly said, "Come down and get your car." Because of the claimed surprise, the court permitted the defense to amend its witness list to include this person defendant claimed to have called. More importantly, the court repeatedly offered the defense a continuance of a week or more to conduct further discovery. At one point defendant's counsel said, "I don't need a continuance. In fact, I know who my client called, so we do know who the witness is, and that's why I announced we were going to amend the list." After trial, defense counsel learned of the police phone record which indicated that the defendant had called a third party, as he claimed, and not the owner of the automobile, as the State's witness testified.

In *State v. Dezaine*, 141 Vt. 335, 338, 449 A.2d 913, 914 (1982), this Court affirmed the trial court's denial of the motion for new trial noting the ruling is discretionary and will not be set aside absent abuse of discretion. The Court paid particular attention to the "due diligence" burden on defendant: "[T]he defense attorney could have requested a continuance to locate [a missing witness] and obtain his testimony . . . ." *Id.*, 449 A.2d at 915. In the instant case, the record indicates that not only did defendant fail to request a continuance, but he refused one when it was offered by the court for the express purpose of conducting further discovery. Under these circumstances, we cannot say that the trial court abused its discretion in denying defendant's motion for a new trial.

*Affirmed.*