## State of Vermont v. Kim A. Graves

[487 A.2d 157]

No. 83-523

Present: Hill, Underwood, Peck and Gibson, JJ., and Barney, C.J., (Ret.), Specially Assigned

Opinion Filed December 14, 1984

*Dena Monahan,* Chittenden County Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Jerry L. Schwarz,* Public Defender, Burlington, for Defendant-Appellant.

**Peck, J.** Defendant Kim A. Graves appeals her conviction, after trial by court, of giving false information to a police officer in violation of 13 V.S.A. § 1754(a). The sole issue pre-

sented for our review is defendant's contention that the lower court erred in denying her pretrial motion to suppress evidence obtained as a result of a claimed illegal stop of her motor vehicle. We disagree with defendant's claim of error and affirm.

The following facts are disclosed by the record before us. In the early morning of March 1, 1983, certain officers of the Burlington police department were dispatched to investigate a breaking and entering reportedly taking place at a residence on Marshall Drive in Burlington. The police arrived at the site at approximately 2:50 a.m. and commenced their investigation. In checking the house, one of the officers noted that footprints in the snow led away from the scene in an easterly direction towards a parking lot at the nearby Gosse Court Armory.

The officer followed the footprints and, as he approached the armory, observed a Chevrolet station wagon being driven away from the armory area; it was the only vehicle in sight. He stopped the vehicle in connection with his investigation and discovered four occupants, including the defendant who was the driver. She identified herself falsely as Kim LaFrance.

Based on the officer's observations of defendant's condition at the stop site, she was taken to the police station and processed for driving under the influence of intoxicating liquor (23 V.S.A. § 1201) and was thereafter charged with that offense. As noted above, she was also charged with giving false information, based on the fictitious name she gave as her own.

Following the hearing on her preliminary motion to suppress, the court held that the officer was reasonable in suspecting that the occupants of defendant's vehicle might be connected with the reported breaking and entering in progress, and denied the motion. Following the subsequent trial on the merits, the court acquitted defendant of driving under the influence, but convicted her on the false information charge. This appeal followed.

██ In her brief, and during oral argument, defendant urged that the standard of review in matters such as the case before us is that police may stop a car and briefly question its occupant(s) if they have an articulable and reasonable suspicion that the occupants have violated the law. *Delaware* v. *Prouse,* 440 U.S. 648, 663 (1979) ; *State* v. *Phillips,* 140 Vt. 210, 215,

436 A.2d 746, 749 (1981). Defendant further contends that the stop must meet the test of reasonableness, *United States* v. *Brignoni-Ponce,* 422 U.S. 873, 878 (1975), in order to satisfy Fourth Amendment guarantees against unreasonable search and seizure, and the officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. *Terry* v. *Ohio,* 392 U.S. 1, 21–22 (1968).

For purposes of this case we accept the above standards delineated by defendant as applicable. In doing so, however, it is obvious that they are satisfied here. This case is distinguishable from the recent case of *State* v. *Emilo,* 144 Vt. 477, 479 A.2d 169 (1984), which has some surface similarities. In *Emilo,* after investigating a possible break-in and satisfying himself that no crime had actually occurred, the officer was returning home when he subsequently stopped a car driving on a public highway. At trial, the officer conceded his belief that no crime had been committed, and that his only reason for stopping the car was a "hunch" based on the fact that he thought it unusual for any car to be on that particular road at three o'clock in the morning. Thus there was no "articulable and reasonable suspicion" to support the officer's action; accordingly we held the stop was improper. *Id.* at 484, 479 A.2d at 173.

Some of the facts in the instant case resemble those in *Emilo.* However, there were more cogent grounds for suspicion here than a mere hunch. The officer was acting on the report of a crime *in progress.* He and the other officers arrived at the scene a short time later. The investigation was still underway when he discovered and followed the trail of footprints in the snow from the scene of the reported offense towards the armory. Defendant's car emerged from the area towards which the footprints led. It was late at night and there was no other person or vehicle in the vicinity. We are not concerned here with the fact that the occupants of defendant's car were apparently not implicated in the reported burglary; that is not the test, nor does defendant suggest that it is. Nevertheless, given the facts recited above, we hold that the officer had reasonable and articulable grounds to suspect that the occupants of the car had been involved in the offense which had been

reported as being in progress at a nearby residence only a short time before he arrived at the scene. Accordingly, there was no error on the part of the trial court in denying defendant's motion to suppress.

*Affirmed.*