## State of Vermont v. Gerald P. Bessette

[530 A.2d 549]

No. 83-609

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**\*

Opinion Filed February 20, 1987

---

\* Justice Hayes dissents.

*Howard E. VanBenthuysen,* Franklin County Deputy State's Attorney, St. Albans, for Plaintiff-Appellee.

*Jeffrey B. Meller, Phyllis G. Severance,* and *James Fry,* Burlington, for Defendant-Appellant.

**Allen, C.J.** The defendant was tried and convicted of driving under the influence of intoxicating liquor, 23 V.S.A. § 1201(a)(2), and driving with license suspended, 23 V.S.A. § 674.

On appeal, defendant claims that the trial court: (1) abused its discretion by denying defendant's request to present a surrebuttal witness at the close of defendant's case; (2) improperly considered defendant's previous convictions when it imposed sentence; and (3) improperly considered defendant's indigency when it imposed sentence. We affirm defendant's conviction.

The defendant and another occupant were stopped by an officer due to a complaint which the officer had received. The defendant got out of the vehicle from the driver's side and approached the officer. The officer noticed that the defendant appeared unsteady and suspected intoxication. Upon questioning by the officer, the defendant maintained that he had not been driving the vehicle. The officer processed him for driving under the influence of intoxicating liquor.

At trial, the police officer testified that he observed the defendant sitting behind the wheel of the vehicle wearing a red shirt at the time he initially flashed his lights to stop the vehicle. The officer further testified that he observed the driver's door open and saw the defendant leave the vehicle from the driver's side, and that the occupants of the vehicle were at no time out of his view. After the prosecution rested its case, defense counsel made an opening statement, clearly indicating that identity of the operator was the main factual issue. The defendant testified that he was a passenger in the car at the time it was stopped by the police officer, that he was not driving the car and that he got out of the driver's door because the passenger door was inoperative. He further testified that he was not wearing a red shirt but that his companion was wearing a red shirt and had been driving.

At the close of defendant's case, the prosecutor presented as a rebuttal witness the officer who had testified in its case-in-chief. No objection was made by defense counsel. The officer testified with more particularity concerning the red shirt allegedly worn by the defendant, and the color of clothing worn by the companion.

Thereafter, defense counsel moved to present the defendant's father as a surrebuttal witness. Defense counsel indicated in an offer of proof that this witness could corroborate the defendant's testimony regarding the attire worn by the defendant and his companion on the day in question. The trial court denied this request. The defendant urges as his first claim on appeal that it was error for the trial court to have refused to allow surrebuttal testimony.

The trial court has wide discretion in matters of trial conduct and evidentiary rulings, including the admission of rebuttal testimony. *State* v. *Richards*, 144 Vt. 16, 19, 470 A.2d 1187, 1189 (1983); *Verchereau* v. *Jameson*, 122 Vt. 189, 194, 167 A.2d 521, 525 (1961). Even in a criminal action, the order of proof is in the discretionary control of the trial court. *State* v. *Miner*, 128 Vt. 55, 67, 258 A.2d 815, 822 (1969). Unless the exercise of this discretion causes undue hardship or results in prejudice to the defendant, it will not be disturbed on appeal. *State* v. *Harrington*, 128 Vt. 242, 252, 260 A.2d 692, 698 (1969); *State* v. *Tatko*, 119 Vt. 459, 464, 128 A.2d 663, 666 (1957).

It has been recognized that rigid adherence to a specific pattern of testimony in a trial could lead to unjust results. Sufficient flexibility must be maintained. See, e.g., *Tatko*, 119 Vt. at

464, 128 A.2d at 666 (no abuse of discretion for trial court to permit State to inquire into a relevant element in chain of proof). The party offering surrebuttal evidence must demonstrate that new, and not merely cumulative, evidence is being offered. *State v. Richards*, 144 Vt. at 20, 470 A.2d at 1190. Identification was clearly at issue throughout the trial. The surrebuttal witness was not offered in order to rebut any new evidence entered by the State during its rebuttal, and the record indicates no reason why defendant's father could not have testified during defense counsel's case-in-chief. The trial court did not abuse its discretion in denying the defendant a surrebuttal witness whose testimony consisted of cumulative evidence.

■ The defendant's second claim on appeal is that the trial court improperly considered his prior D.W.I. offenses in sentencing. The defendant was charged with D.W.I. fourth offense. The State did not prove his prior three convictions. Although the defendant was not sentenced for D.W.I. fourth offense, it is clear that the court knew of his prior convictions. This is not error. The sentence actually imposed, zero to twelve months to the custody of the Commissioner of Corrections, was within the statutory guidelines for a first offense. 23 V.S.A. § 1210(b). It was not improper for the trial judge to have considered the defendant's prior record as part of sentencing. *State v. Neale*, 145 Vt. 423, 435, 491 A.2d 1025, 1033 (1985); *State v. Cabrera*, 127 Vt. 193, 196, 243 A.2d 784, 787 (1968). Sentencing is a function committed to the discretion of the trial judge. *State v. Moquin*, 138 Vt. 160, 162, 411 A.2d 1355, 1357 (1980). There is nothing in the record to support defendant's claim that the trial judge abused his discretion.

The defendant's third claim on appeal is that the trial court improperly considered his indigency in sentencing. The presentence investigation reports furnished to the trial judge each recommended that a fine not be imposed because of the defendant's meager income. At the sentencing hearing the State recommended that the defendant be sentenced from 9 to 12 months to serve. A representative from the Department of Probation and Parole recommended that the defendant be sentenced to the custody of the Commissioner of Corrections "for a long term alcohol treatment." The trial court, after hearing argument from the defendant's attorney, then imposed sentence as follows:

Well, Mr. Bessette, the indication from the presentence investigation is that Probation is not a proper sentence for this Court to give out in this matter, that the number of convictions that you've been involved in and your conduct as a Probationer is such that Probation is not recommended. That being the case, I feel that a sentence of imprisonment is the only choice. It's clear that payment of a fine is not viable either. In view of all of the factors here, I think it would possibly be arbitrary for the Court to designate a minimum term to be served. I think that's something that only Corrections can determine on a zero minimum sentence after they have had a chance to classify you and determine where and how the sentence ought to be served. So, I will impose on the jury's finding of guilty and the Court's entry of judgment on the verdict a sentence of zero to twelve months to the custody of the Commissioner of Corrections.

The defendant now suggests that had the judge imposed a fine, a shorter jail term would be imposed by the Commissioner of Corrections and that it is also conceivable that the judge himself would have given the defendant a shorter sentence.

■ The court's remarks do not support the defendant's argument. The trial judge ruled out probation, because of the number of defendant's past convictions and his past conduct as a probationer. Neither the court's remarks nor the sentencing transcript support the argument that a longer maximum sentence was imposed because of the defendant's indigency. Absent exceptional circumstances, not here demonstrated, the Court must defer to the trial court in the sentencing area and not review sentences within statutory limits. *State* v. *Moquin*, 138 Vt. at 162, 411 A.2d at 1357.

*Conviction affirmed.*