## State of Vermont v. Leo W. Bushey, Jr.

[531 A.2d 902]

No. 86-113

Present: Allen, C.J., Hill*, Peck and Gibson*, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed June 19, 1987

---

* Justices Hill and Gibson heard oral argument, but did not participate in the decision.

198

*Kevin G. Bradley*, Chittenden County State's Attorney, *Erick E. Titrud*, Deputy State's Attorney, and *Maxine Grad* (On the Brief), Burlington, for Plaintiff-Appellee.

*Jarvis & Kaplan*, Burlington, for Defendant-Appellant.

**Barney, C.J.** (Ret.), Specially Assigned. The defendant was convicted by a jury of operating a motor vehicle while under the influence of intoxicating liquor, contrary to 23 V.S.A. § 1201(a)(2). On appeal he argues for reversal of his conviction because the trial court should have granted (1) his motion to suppress all of his statements to the police officers on the night involved; (2) his motion for judgment of acquittal, and, in any event, (3) his motion for a new trial. We will examine each of these contentions in detail, but the final conclusion is that the judgment of guilty is affirmed.

At one-thirty in the morning the defendant was in a vehicle that had been brought to a halt in the parking lot of a furniture store in Shelburne. A South Burlington police officer who happened to be stopped nearby noticed the vehicle in question. He watched the driver, in a cowboy hat, exit from behind the wheel and one passenger alight from the other side of the car. Testifying that he kept both people in view he drove over to the vehicle from some 75 or 100 yards away. He accosted the defendant, the man wearing the cowboy hat, and immediately detected a slight odor of alcohol, although there was no speech impairment. He asked the defendant if he had been drinking. The defendant said he had been driving about five minutes and had had a beer while driving.

The officer then asked the defendant to perform several standard dexterity tests. The results led the officer to conclude that

the defendant was under the influence of intoxicating liquor. He was taken to the South Burlington police station for processing, and given *Miranda* warnings on the way and again on arrival at the station. While at the station the defendant admitted that he had been driving, and that he had had three beers and a half a pint of whiskey, finishing drinking about one-thirty in the morning.

The defendant's motion to suppress is based on the proposition that, under *State* v. *Goyet*, 120 Vt. 12, 48, 132 A.2d 623, 647 (1957), a conviction cannot be based on the confession of a defendant unsupported by any other evidence. The defendant argues this proposition in terms of the need for proof of the "corpus delicti" as a preliminary to eliciting incriminating statements. The use of this technical term as a shorthand description referring to the existence of the elements of a crime does not alter the substantive requirements of the rules relating to corroboration. As *Goyet* points out, the supporting corroboration may qualify even if slight, and "need not independently prove the commission of the crime charged, either beyond a reasonable doubt or by a preponderance of the evidence." *Id.*

To begin with, the approach of the officer to the car in the parking lot was appropriate under *Berkemer* v. *McCarty*, 468 U.S. 420, 440-42 (1984), and did not need a preexisting probable cause. *State* v. *Graves*, 145 Vt. 271, 272-73, 487 A.2d 157, 158 (1984) (police need only a reasonable and articulable suspicion that automobile occupants have violated the law in order to perform a constitutional automobile stop and brief questioning). Once the officer made that approach the evidence discloses facts, other than the statement of the defendant, supportive of the officer's decision to further process the defendant for driving under the influence of intoxicating liquor. This evidence was adequate to satisfy the corroboration requirement of *State* v. *Goyet*, 120 Vt. at 48, 132 A.2d at 647.

The defendant introduced evidence at trial that a third person, his brother, was driving the car, exited the vehicle, gave the defendant his hat and disappeared behind the furniture building before the officer arrived. From this the defendant argues that there was no proof that he was the driver, and therefore nothing to establish him as the criminal. From this he claims that there was no corpus delicti and his statements should have been suppressed.

In reality, all that the defendant has accomplished is to establish that the evidence was conflicting, which is certainly sufficient to satisfy corpus delicti and, putting it in more current terminology, establish probable cause. There is no basis for exclusion of defendant's statements on such a ground.

The motion for judgment of acquittal likewise rests on the contention that the evidence as to identity and intoxication is insufficient on each point as a matter of law. As already noted, the evidence on both issues was controverted, with both issues supported by statements of the defendant as to alcoholic consumption and operation. The weight of all this evidence was for the trier of fact, tested by the reasonable doubt standard. There is no doubt of its adequacy for submission to the jury and to support the verdict rendered.

The defendant also claims that the South Burlington police officer had no authority to make an arrest in Shelburne, arguing from that that all statements made to the police should be suppressed. From this, he says, acquittal should follow.

■■ There is a serious question as to whether that issue was properly saved for review. No objection was interposed to the officer's testimony on that ground at either the suppression hearing or at trial. Without a timely or specific objection making known to the court the defendant's claim of error, review is precluded in the absence of plain error. *State* v. *Bubar*, 146 Vt. 398, 400, 505 A.2d 1197, 1199 (1985). Moreover, were this Court disposed to review this issue, or concerned about the possibility of plain error, the existence of 24 V.S.A. § 1935, giving police officers the same powers as sheriffs in criminal matters and in serving criminal process, effectively settles the matter adversely to the defendant. A sheriff, or his deputy, has state-wide jurisdiction to make arrests. *In re Huard*, 125 Vt. 189, 191, 212 A.2d 640, 642-43 (1965).

The defendant lastly contends that the denial of a new trial based on his claim of newly discovered evidence was an abuse of discretion requiring reversal. This evidence consists of testimony of the other person present at the scene when the officer investigated. This person was the passenger in the car, and a friend of the defendant. He was included on the defendant's list of witnesses and was present at the motion to suppress. At that hearing he had not been allowed to testify because of his presence in court contrary to a sequestration order. At the time of trial, he did not appear and could not be located by the defendant.

At trial the defendant's brother testified that he, rather than the defendant, had driven the car into the parking lot. This would also have been testified to by the passenger, according to his affidavit. He claims, in that affidavit, that he also would have confirmed that the defendant stated to the officer that he had been driving for about five minutes.

The question before this Court is whether the trial court abused its discretion in denying the motion for a new trial based on newly discovered evidence. The burden is on the defendant to support his motion by (1) making it appear that the new evidence will probably change the result if a new trial is had; (2) that the evidence has come to light since the trial and could not, by the exercise of due diligence, have been discovered before the trial; and (3) that it is material, and not merely cumulative or impeaching. *State* v. *Dezaine*, 141 Vt. 335, 338, 449 A.2d 913, 914 (1982).

Although the defendant and his witness have made an elaborate showing as to why the witness, though known, was not available on the day of trial, as was true of "Moose" in the *Dezaine* case, the application for a new trial fell short in a number of particulars. The evidence was not newly discovered, no continuance was sought when the witness dropped out of sight, and the evidence was merely cumulative.

There was no abuse of discretion established on the part of the trial court in denying a new trial either on the ground of newly discovered evidence or on the contentions for suppression previously discussed.

*Judgment affirmed.*