### State of Vermont v. Richard J. Sorrell

[568 A.2d 376]

No. 88-225

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed September 22, 1989

544

*William Sorrell*, Chittenden County State's Attorney, Burlington, and *Robert Katims*, Department of State's Attorneys, Montpelier, for Plaintiff-Appellee.

*Martin & Paolini*, Barre, for Defendant-Appellant.

**Morse, J.** Defendant Richard Sorrell was convicted, following a jury trial, of simple assault on a child and aggravated assault on the child's mother. On appeal, he claims that he was denied a speedy trial, that the trial court erred in finding the child competent to testify, that his rights under the Double Jeopardy Clause were violated when the State was permitted to reopen its case-in-chief, and that the court erred by denying his motion for judgment of acquittal on the aggravated assault charge. We affirm.

I.

### Right to Speedy Trial

This prosecution began by the filing of the two-count information on April 16, 1987. On that day, defendant was arraigned and bail was set at $10,000. Defendant was already incarcerated on an unrelated offense at the time. In the following months, the State moved for a summons directing the mother to make her child available for a deposition and the defense filed motions to dismiss. A hearing on the motions to dismiss was held on August 24, 1987, and, at defense counsel's request, the court allowed counsel until September 7 to submit memoranda of law. Having received no rulings, defendant filed an "Assertion of Speedy Trial Right" and a motion for a bail reduction on De-

cember 3, 1987. Defendant completed his sentence on the unrelated offense on about December 14, 1987, and would have been released at that time, but could not raise the cash bail. All pending motions were denied on December 28, 1987. On the day before trial, defendant filed motions to dismiss for lack of a speedy trial and to bar the State from introducing testimony of the child victim. Trial began on February 9, 1988, and, after preparation of a presentence report, defendant was sentenced on April 11, 1988, to an aggregate term of ten to sixteen years.

By administrative order, this Court requires that a defendant in custody be tried within ninety days of arraignment, Administrative Order No. 5, § 2, with the proviso that certain periods of delay are not counted. *Id.* § 4. In this case, trial was not conducted within the ninety-day period, even excluding delays caused by pretrial motion practice. The circumstances were not those contemplated by A.O. No. 5, § 2, however: Defendant was in custody during most of this period for an offense unrelated to the present charges.

■■ We hold that the ninety-day rule does not apply when a defendant is in custody for reasons other than inability or unwillingness to meet bail. The rule is designed to ensure that pretrial detention be kept to a minimum. Its purpose is not frustrated where the defendant is in custody for reasons unrelated to the arraignment and bail order. Here, defendant was brought to trial within two months of the time he was incarcerated solely for lack of meeting bail. Therefore, there was no procedural violation of A.O. No. 5, § 2, and a fortiori no constitutional violation. See *State v. Roy*, 151 Vt. 17, 35–37, 557 A.2d 884, 895–96 (1989).

Furthermore, by defendant's own calculation, the total delay for A.O. No. 5 purposes, even counting incarceration on the unrelated charges, was 118 days. Thus, in this case there was also no violation of A.O. No. 5, § 3, which directs parties to "be prepared and ready for trial within six months from the date of arrest."

## II.

### Competency of Child Witness

Defendant argues that the child victim, age six, was allowed to testify without an adequate evidentiary foundation to demonstrate her competency to understand the obligation to tell the truth. V.R.E. 601(b)(2) (person disqualified as witness if "incapable of understanding the duty of a witness to tell the truth").
In this regard we have said:

> The question of an infant witness's competency is for the trial court, resting in its discretion and based on its observation and examination of the child. Absent demonstrable error, the ruling will not be disturbed. We agree with the judgment in 2 Wigmore "Evidence" 598 (3d Ed. 1940) that reviewing courts should not be wasting time revising rulings as to competency of children they have never seen or heard. This is the trial court's function.

*State v. Audette*, 128 Vt. 374, 378, 264 A.2d 786, 789 (1970).

On this record, we find no abuse of discretion. Defendant says that the only indication the child understood the duty to tell the truth was that "her mother would be mad at her if she lied." We find that the child's answers were appropriate given the questions asked her and demonstrate that she was not "incapable of understanding the duty . . . to tell the truth." If counsel for the defendant doubted that conclusion, he was free to pursue the inquiry further, but did not.

## III.

### Double Jeopardy

At a hearing on a motion for judgment of acquittal made at the close of the State's case-in-chief, the court allowed the State to recall the mother to make a positive identification of the defendant as her assailant. This was done because the defense had argued that she had not sufficiently identified the defendant. The court allowed further evidence on identification out of "an abundance of caution" because the mother had already identified defendant by name as being a live-in boy friend of hers and had pointed him out in the courtroom.

■ Defendant exalts this claimed error as violative of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, an undeserved raise in rank, in our opinion. We find no prejudice and no error. Such matters of trial procedure are common grist for the exercise of wide discretion by the trial court. See *State v. Bessette*, 148 Vt. 17, 19, 530 A.2d 549, 550 (1987).

## IV.

### *Motion for Judgment of Acquittal*

Defendant's last claim of error is that his motion for judgment of acquittal on the aggravated assault charge should have been granted because the State did not prove that defendant's actions constituted an attempt to cause serious bodily injury. 13 V.S.A. § 1024(a)(1). "Serious bodily injury" is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 13 V.S.A. § 1021(2). Defendant's point rests solely on the lack of a medical expert to testify that defendant's actions posed a substantial risk of death.

Briefly put, the evidence showed that, after heavy drinking, defendant became violent and hit, slapped, and choked his girl friend. She testified that "he was kneeling over me with his hands on my throat swearing that he would kill me."

Q: And he had his hands on your throat?

A: Yes, he did.

Q: Both hands?

A: Yes.

Q: Okay. What was he saying?

A: He swore that he would kill me.

Q: The choking. Were you able to breathe while he was choking you?

A: No. I passed out twice.

■ It does not take a medical expert to educate a jury that being choked in such circumstances with such results put the victim in substantial danger of death.

*Affirmed.*