*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-318

APRIL TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Chittenden Unit, |
| | } | Criminal Division |
| | } | |
| Andrew J. Jimmo | } | DOCKET NO. 4653-12-09 Cncr |

Trial Judge: Michael S. Kupersmith

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a judgment of conviction, based on a jury verdict, of driving with a suspended license resulting from a prior DUI conviction. Defendant contends the trial court improperly: (1) reopened the State's case-in-chief to permit the introduction of additional evidence after defendant moved for judgment of acquittal; and (2) penalized defendant for exercising his right to appeal. We affirm.

On the evening of October 30, 2009, the police received a tip that defendant, known to have had his operator's license suspended, was driving toward the Town of Bolton on Route 2 in an older model Toyota Camry. A state trooper left to intercept defendant, observed an older Camry approaching from the opposite direction, and slowed to get a good look at the driver. The officer recognized defendant to be the driver of the vehicle, having responded to a domestic dispute involving defendant several months earlier. The officer made a U-turn but lost sight of the vehicle. He found it parked near the Town fire department, confirmed that it was registered to defendant, and began to search the area. The officer ultimately found defendant walking down some railroad tracks, but defendant was able elude the officer by running into the woods. A few days later, the officer received a tip that defendant was at his girlfriend's trailer, went there, and placed him under arrest for driving with a suspended license.

Following a one-day jury trial, the jury returned a verdict of guilty, and defendant was found to have been previously convicted of DUI. He was sentenced to six to twelve months to serve, all suspended except for 60 days work crew, and probation. This appeal followed.

Defendant first contends the trial court improperly allowed the State to reopen its case in chief to adduce additional evidence after defendant moved for judgment of acquittal. The issue arose as follows. Upon completion of the State's evidence, defense counsel moved for judgment of acquittal under Vermont Rule of Criminal Procedure 29 on the ground that the State had failed to prove identity, asserting that defendant was never specifically identified in the courtroom. Defense counsel recalled correctly that the state's attorney had asked the officer whether he "recognize[d] Andrew Jimmo in the courtroom today," to which the officer responded, "I do," but the officer had not specifically identified the individual sitting at counsel table as defendant or the driver.

The trial court agreed that there was "a problem with identification" and also raised the possibility of "double jeopardy issues when you rest your case and then try to reopen after a motion for judgment of acquittal," but permitted a short recess to allow counsel to research the matter. When trial resumed, the prosecutor cited the court to State v. Sorrell, 152 Vt. 543 (1989). After reviewing the case, the court concluded that there was no double jeopardy violation, and that permitting the State to reopen was within the court's discretion, which it exercised in the State's favor. The officer thereupon returned to the stand and, over objection, identified the individual seated next to defense counsel as defendant and the driver of the vehicle.

The trial court's reliance on Sorrell was sound. There, as here, the trial court allowed the State to recall a witness "to make a positive identification of the defendant" after the defense had moved for judgment of acquittal based on the witness's alleged failure to "sufficiently identif[y] the defendant." Id. at 546. We rejected the defendant's claim that the court had violated the Double Jeopardy Clause and abused its discretion in reopening the evidence, observing that "[s]uch matters of trial procedure are common grist for the exercise of wide discretion by the trial court." Id. at 549. Although we have not revisited the issue since Sorrell, numerous other courts are generally in agreement that jeopardy does not attach, and the Double Jeopardy Clause is not violated, unless the court actually grants a motion for judgment of acquittal and thereafter seeks to reopen the evidence. See, e.g., People v. Meeker, 661 P.2d 1193, 1194 (Colo. App. 1983) (reversing judgment where court made oral ruling granting motion for judgment of acquittal but subsequently allowed prosecution to introduce additional evidence); Elkins v. State, 754 N.E.2d 643, 644 (Ind. Ct. App. 2001) (holding that court's order granting defendant's motion for directed verdict resulted in his acquittal and precluded State from reopening case to present additional evidence). Because the trial court here did not grant defendant's motion for judgment of acquittal before it determined to reopen the evidence, there was no double jeopardy violation.

Courts are also generally in agreement that the decision to reopen lies within the trial court's broad discretion, which is not abused when it appears that the State's omission was a result of mere "inadvertence" or the State seeks merely to correct a "technical" error. See, e.g., United States v. Leslie, 103 F.3d 1093, 1104 (2nd Cir. 1997) (reaffirming trial court's "wide discretion to allow the government to re-open its case to correct errors" and noting that courts generally will "allow reopening to establish venue, identify the defendant, or attend to other technical matters"); State v. Allen, 533 A.2d 559, 564, 566 (Conn. 1987) (observing that courts have generally allowed prosecution to recall witness to "elaborate or explain the testimony that he has already given" but not to introduce new evidence of an "essential element"); Lyle v. State, 987 So. 2d 948, 951 (Miss. 2008) (holding that court does not violate double jeopardy or abuse its discretion in reopening to correct "mere inadvertence").

The record here discloses that the investigating officer testified that he recognized defendant as the driver from a previous contact and further testified that he recognized defendant as being present in the courtroom, but he was not asked and did not confirm that defendant was the individual seated at counsel table. As discussed, this is precisely the type of inadvertent omission and clarification of prior testimony that courts have generally found to be unobjectionable, and we discern no reason to conclude otherwise. Accordingly, we find no error in the trial court's decision to reopen the evidence.

Defendant also contends that, in imposing sentence, the trial court acted vindictively by penalizing the exercise of his right to appeal. The court imposed a sentence of six to twelve months, all suspended except for 60 days work crew, and made completion of the work crew sentence a condition of probation. The court also indicated that the work crew portion of the

sentence would be stayed if defendant appealed and wanted to defer work crew until after the appeal was decided. The court recognized, however, that an appeal could take up to two years to complete, and so provided that the probation would run for two years after the appeal or until defendant completed the work crew sentence, whichever first occurred.

Defendant posits that vindictiveness is evident from the court's failure to explain the lengthening of his sentence if he appealed. This contention is without merit. First, while his probation was potentially extended until completion of work crew, defendant's underlying sentence was not. Second, although the court did not fully express its objective, it is clear from the court's comments that it wanted to avoid the risk of having defendant serve the work crew sentence in advance of a possible reversal of his conviction, and, in the event the conviction was affirmed, it was concerned that probation not expire until after defendant satisfied his work crew obligation. Without a viable probation, the court's condition that defendant complete work crew would be toothless.

We have recognized that the trial court may not impose a sentence designed "to impose a penalty upon the defendant's right of appeal and to affect the exercise of [his] right to do so." State v. Thompson, 158 Vt. 452, 456 (1992) (quotation omitted). Nothing in the record indicates that the sentence here was intended to penalize or discourage an appeal, or that this was its effect. It was designed, instead, to ensure that the basic terms of the sentence were carried out, while allowing defendant to forestall commencement of the "to serve" portion of his sentence pending appeal. Moreover, the overall sentence was not invariably less or more punitive depending on whether defendant exercised his right to appeal. Indeed, even if defendant had not appealed, the probationary period could have been extended indefinitely if defendant had not completed work crew and the court determined that, as a result, the interests of justice so required. See 28 V.S.A. § 205(a)(2) (providing that term of probation for misdemeanors shall be for specific term not to exceed two years unless court finds that interests of justice require longer or indefinite period). Accordingly, we find no due process violation and no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice

3